Moncure, P.
delivered the opinion of the court:
This is a writ of error to a judgment of the Circuit court of Rockbridge county, on a writ of habeas carpus. The plaintiff in error was committed to the jail of said county, under a warrant of a j ustice of the peace dated the 7th day of September 1867, for trial in the County court of said county, on the first day of October court 1867, for the offence of horse stealing. On that day an information was filed against him in the said County court for the said offence, and being thereupon arraigned, he demanded to be tried in the Circuit court of said county; whereupon he was remanded to jail for trial in that court. Afterwards, to wit: On the 18th day of April 1868, he presented his petition for a writ of habeas corpus to the said Circuit court, then in session, stating’ in the petition that three grand juries for the said county, had been impanneled and discharged during his imprisonment, one at the September term 1867 of the ■said Circuit court, one at the November term 1867 of the said County court, and the other at the then present term of the said Circuit court, and that no indictment had been found against him for the said offence by either of the said grand juries, and. therefore claiming to be entitled to immediate discharge from further imjprisonment. The writ was accordingly awarded, and *480 ^-e case C0™QS on heard during the same term of the said Circuit court, to wit: On the 20th day of April 1868, upon the said writ and the return thereto, the court was of opinion that the petitioner was not illegaily detained in the custody of the jailor, and therefore ordered that he be remanded to jail. A bill of exceptions was taken to the said opinion and judgment of the court, in which, among other things not material fi> be here mentioned, it is stated that “it was further proved that a grand jury for Rockbridge county was impanneled at the term of this Circuit court, on Sept. 12th, 1867, after the commitment of said Jones as aforesaid, and that said grand jury was discharged without finding an indictment for said offence against said Jones; that a grand jury for said county was also impanneled at the November quarterly term of said County court and was also discharged without finding such indictment; that a quarterly term of said County court was held in March 1868, but under the order of said court made several years ago there was no grand jury at said March term; that the grand jury terms of said County court of Rockbridge county are held in the months of November and June; that a grand'jury was impanneled at the present term of this Circuit court on April 18th, and was -finally discharged several days previous to this petition, without finding any such indictment as aforesaid;” and that therefore, the petitioner then claimed to be “ entitled to his discharge from further imprisonment. But it appearing to the court that the attorney for the Commonwealth had, through misapprehension of the effect of the criminal procedure act of 1867, which had not then been expounded by the Supreme Court of Appeals, filed an information against the petitioner at the October term of said County court, and that said petitioner, when arraigned for trial on said information, had demanded to be tried thereon in this court at its present term; and this court having held' *481 the proceedings irregular, and refused to permit a trial on said information, and thereupon the court being of opinion that there had been no such failure to prosecute as under section 13, chapter 207 of the “act ‘to revise and amend the criminal procedure,’ passed April - 27th, 1867, entitled the prisoner to his discharge;” therefore “the court ordered the petitioner to be remanded to jail.” And this is the judgment to which the writ of error in this case was awarded.
This court has recently decided, that according to the true construction of chapter 207 of the Code, as amended and re-enacted by the act passed April 27, 1867, entitled “ an act to revise and amend the Criminal Procedure” (Acts of Assembly 1866-67, pp. 915, 926, § 2), a person cannot be put upon trial for any felony unless an indictment shall have first been found against him therefor by a grand jury in a court of competent jurisdiction; and cauuot therefore be put upon' trial for a felony upon an information. Matthews v. The Commonwealth, and Garner v. The Commonwealth, 18 Gratt. 989. The Circuit court therefore rightly “ held the proceedings irregular, and refused to permit a trial on said information.” But did the court rightly hold “that there had been no such failure to prosecute as under section 13, chapter 207,” aforesaid (Acts of Assembly 1866-’7, p. 928-9), “ entitled the prisoner to his discharge.” We are of opinion that it did.
That section, or so much of it as is material to be here set forth, is in these words: “ A person in jail on a criminal charge shall be discharged from imprisonment if a presentment, indictment or information be not found or filed against him before the end of the second term of the court in which he is held to answer, unless it appear to the court,” &c. The attorney general argued, that an information was filed against the prisoner in due time, the requisition of the statute was strictly complied with, and he was therefore not entitled *482 to Ms discharge. But we are clearly of opinion that the statute should be construed distributively — redend,o singula singulis; and that “presentment” and “information” refer to misdemeanors only, while “indictment” refers to felonies also. A misdemeanor may be tried on a presentment or information, as well as on an indictment, while a felony can be tried on an indictment only; and that kind of accusation must be made within the period limited by the statute, which the nature of the offence requires. The offence in this case being a felony, it was therefore necessary that an indictment should be found against the prisoner “before the end of the second term of the court, in which he is held to answer, unless,” &c. Had there been any failure or default in this respect when the judgment in this ease was rendered ?
It is true that no indictment had been found against the prisoner; but is it true that there had been two terms “ of the court in which he was held to answer,” within the true intent and meaning of the statute? We think not.
The court in which he was held to answer was the County court, and that is the court therefore in which the indictment ought to be found. Had there been two terms of that court, within the meaning of the statute, ■when the judgment in this case was rendered? We think that the “ term of the court,” in the meaning of the statute, is a “ grand jury term,” at which only an indictment could be found. The record shows that there are during a year but two grand jury terms of the County court of Eockbridge, which are held in the months of November and June, and that one only of them was held, to wit: in November, after the commitment of the prisoner for trial in October 1867, and before the judgment in this case was rendered in April 1868. It follows, therefore, that there had not been two terms of the court in which he was held to answer, *483 within the meaning of the statute, when the said judgment was rendered.
This construction of the statute may certainly he the occasion of much delay and inconvenience to aprisoner in obtaining his discharge for want of prosecution. But if it be, as we think, the proper construction, it must prevail, notwithstanding the objection ab inconvenienti. A literal construction of the statute, which would embrace every term of the court, whether it be a grand jury term or not, might entitle a prisoner to be discharged from imprisonment before there had been any term at which he could be indicted; whereas, the plain reason of the statute is, that the prisoner is entitled to his discharge on account of the default of the prosecutor in twice failing to have an indictment found, when it was in his power, and he ought to have done so. Such a.construction is therefore wholly inadmissible. The inconvenience of delay arising from our construction may be remedied by an increase of the grand jury terms of the County court, which the court itself is authorized to order. Chapter 206, § 1, of the Code, as amended by the act of April 27, 1867, Acts of Assembly 1866-’7, p. 925. Though a better remedy, perhaps, would be by an amendment of the law requiring the clerk of the County court, when a person is held to answer therein for felony, forthwith to issue process to the sheriff, commanding him to summon a grand jury to attend the next term of the court, unless it be a grand Jury term, in which case, of course, such process will be unnecessary.
But it is argued, that while, when the said judgment was rendered, there had not been two grand jury terms •of the County court there yet had been one term of the Circuit court, to wit: on the 12th of September 1867, which was after the commitment of the prisoner, and one grand jury term of the County court, to wit: in November 1867; and also a grand jury had been *484 impanneled and. discharged at the same term at which,. but before, the said judgment was rendered; that an might have been but was not found against him on either of these three occasions; and thatthere^ore *s en^ed discharged under the statute.
We have already shown that the court in which he was-held to answer was the County court, which therefore is the court in which the indictment is to be found, in the meaning of the statute. It cannot be said that he was held to answer in both courts, County and Circuit; and that there having been a term of the latter and a grand jury term of the former, at neither of' which he was indicted, he is therefore entitled to hisdiseharge. If it can be said, which we do not admit, that after the October term of the County court when the prisoner demanded to be tried in the Circuit court and was remanded for that purpose, the Circuit court was thenceforward the court in which he was held to answer-in the meaning of the statute, still it was not such court at the previous term in September, which therefore cannot be one of the two terms at which a failure to find an indictment would entitle the prisoner to his discharge. And even if it could be one of such terms, the next term of the Circuit court, to wit, the April term 1868, had not ended when the said judgment was rendered. And though a grand jury had previously, during that term, been impanneled and discharged,, yet it was competent for the court, during the same term, to order another grand jury to be summoned to attend at that term. Code, chapter 206, § 10; Acts of Assembly 1866-7, p. 926.
In every view of the case, therefore, we think there-is no error in the judgment, and that it be affirmed.
Judgment affirmed.