# CHARLESTON.

## Ex Parte Ballard L. Anderson.

Submitted October 16, 1917.   Decided October 23, 1917.

1. CRIMINAL LAW—*Discharge for Failure to Bring to Trial—Statute.*

     A person held under an indictment, without a trial, for three full and complete regular terms of the court in which he is held to answer, after the term thereof at which the indictment was found, under circumstances which do not excuse the failure of the state to bring him to trial, by virtue of the exceptions in sec. 25, of ch. 159 of the Code, may obtain his discharge from prosecution on the indictment, on a writ of *habeas corpus*, although such terms were not consecutive and the judge of the court had, by an order entered of record, dispensed with juries for such terms, under the authority conferred upon him by sec. 7, of ch. 116 of the Code, and although the trial court, after having overruled a motion for the prisoner's discharge upon such ground, had put him upon a trial which resulted in a conviction, and sentenced him to imprisonment.   (p. 172).

2. COURTS—*Terms—Order Dispensing with Jury—Statute.*

     The order dispensing with a jury, made under said section, does not preclude the court from ordering a jury in the term, in case of necessity therefor, wherefore such a term is a jury term, in contemplation of law, notwithstanding the entry of the order and lack of a jury summoned by the clerk, without a special order therefor made by the court or judge, as it would be ordinarily. (p. 173).

3. CRIMINAL LAW—*Unreasonable Delay in Trial—Discharge—Repeal of Statute.*

     In clothing judges of circuit courts with power and authority provisionally to dispense with juries for particular terms, when the circumstances warrant such action, by the passage of sec. 7, of ch. 116 of the Code, the legislature cannot be deemed to have intended to modify or impliedly amend sec. 25, of ch. 159 thereof, enacted for enforcement of the guarantee of trials of crimes and misdemeanors, without unreasonable delay, provided by sec. 14 of Art. III of the Constitution.   (p. 175).

Habeas corpus by Ballard L. Anderson.

*Prisoner discharged.*

*W. S. Wysong* and *H. C. Thurmond,* for petitioner.

*E. T. England,* Attorney General, *Henry Nolte,* Assistant Attorney General, and *J. M. Hoover,* for respondent.

POFFENBARGER, JUDGE:

Having been put upon trial on an indictment for malicious wounding over his protest and claim of right to a discharge from prosecution, for the failure of the state to give him a speedy trial, found guilty of unlawful cutting and sentenced to imprisonment in the penitentiary for a period of one year, Ballard L. Anderson seeks his liberation from custody.

In advance of the trial, he moved for his discharge, and, on that motion, set forth the grounds upon which he relied. This motion having been overruled, he tendered a plea in writing, setting up the same facts, to which the court sustained an objection. Still denying the right of the state to put him on trial, and insisting upon his right to a discharge, he refused to plead to the indictment, whereupon the court directed a plea of not guilty to be entered for him, which was done, and the trial proceeded. As to his guilt or innocence of the offense charged against him, he introduced no evidence, but he objected to the introduction of that adduced by the state, and endeavored to avail himself, in the trial, of the facts urged for his discharge, but the court rejected the proof thereof.

The claim of right to a discharge, unsuccessfully so set up in the trial court, and enforcement of which is now sought in this court, is founded upon sec. 25 of ch. 159 of the Code, a statutory provision so familiar to the members of the profession as not to require repetition here. Appropriateness of the remedy sought in this court is virtually admitted. However, it is established and placed beyond question by the decision in *Ex parte Chalfant*, rendered at this term. If the prisoner was entitled to a discharge, at the time of the making of his motion therefor, it is not perceived that the trial court's denial thereof and enforcement of a trial to which the state could never be entitled, would work any substantial distinction between the two cases. The statutory mandate for the discharge of a prisoner, under certain circumstances, is not a regulation of procedure in a trial, nor a prescription of a right to be preserved therein. It is a direction and mandate not to try. This is a necessary implication arising out of terms of the mandate. The express com-

mand to discharge, necessarily implying a command not to try, is a limitation upon the jurisdiction of the court, and its judgment rendered in a trial it had no right to entertain, is obviously *coram non judice*. *Ex parte Bornee*, 76 W. Va. 360. And a person held in custody under a void judgment may be liberated by the writ of *habeas corpus*. *Ex parte Lang*, 18 Wall. 163; *Ex parte Siebold*, 100 U. S. 371; *In re Snow*, 120 U. S. 274.

The statute provides for three regular terms of court in Webster County in each year, to be held in January, May and September. The prisoner was indicted at the May term 1915, and the case was continued, on his motion, at the September term of that year. The state did not move for his trial at either the January or May term 1916, but, at each, he renewed his recognizance. At the September term 1916, the case was continued at the instance of the state, on account of the illness of a witness, and the recognizance was again renewed. He was not brought to trial at either the January or May term 1917, but, at each of these terms, he renewed his recognizance. The trial to which reference has been made, occurred at the September term 1917. It was incontrovertibly proved on the motion for discharge in the trial court, and is admitted here, that the prisoner is not within any of the exceptions to the statute giving the right to a discharge, for failure of the state to bring him to trial before the lapse of three regular terms of the court, after the term in which the indictment was found. In other words, he has done no act that deprives him of the benefit of any term except the September term 1915. The statute expressly deprives him of the benefit of the September, 1916. None of the others, if terms contemplated by the statute, are excused in any way.

The principal defense is that three regular terms of the court had not elapsed, after the finding of the indictment, without a trial, because, although all the regular terms provided for by the statute were held, four of them, those of January and May, 1916, and January and May, 1917, were conducted without juries for the trial of cases, the judge having dispensed with the summoning of juries for those

terms, by orders entered upon the record of the court, under authority conferred upon him by sec. 7 of ch. 116, of the Code.

The argument submitted to sustain this contention has no real basis or foundation in any of the authorities upon which it is predicated. In *Jones* v. *Commonwealth,* 19 Gratt. 478, disposing of a case arising under a statute requiring discharge of a person in jail on an accusation of crime, for lack of presentment, indictment or information found or filed before the end of the second term of court, it was held a term was not to be counted, unless it was a grand jury term. The County Court of Rockbridge County, in which the prisoner was held to answer, held three terms a year, only two of which were grand jury terms, but the county courts seem to have had authority to determine for themselves, what terms should be grand jury terms, and the County Court of Rockbridge County had, several years prior to the commitment in question, provided by an order entered upon its records, that the March term should not be a grand jury term, or that grand juries should be summoned only for the June and November terms. Of course, a statute of that kind, discharging for want of indictment within two terms, would necessarily contemplate terms having grand juries, and, if the county court, under authority devolved upon it by the legislature, had provided that one of its terms each year should be held without a grand jury, the order so providing fixed the character and status of the court, and its terms, and that term would not be a term within the meaning of the statute. Here, the situation is altogether different. The legislature itself has provided three annual terms for Webster County and a petit jury for each term. In contemplation of law, they are all jury terms. The judge's order dispensing with a jury for a particular term, does not preclude a jury trial in that term, for it is still within the power of the court, to order the summoning of a jury, if it finds necessity for one. Sec. 7 of ch. 116 of the Code, does not contemplate absolute dispensation with the jury, by the entry of the order. It says no jury shall be summoned thereafter, until it is ordered by the court or the judge in vacation. The order merely in-.

hibits or excuses the issuance of a *venire facias* by the clerk, for the summoning of a jury generally for the term. As a jury may still be had by the affirmative order of the court, the character of the term is not legally altered. In point of fact, it may not be a jury term, but, in contemplation of law, it is one, because a jury may be had, notwithstanding the order.

Having carefully defined the limits of the delay permitted, by sec. 25, of ch. 159 of the Code, the legislature cannot be deemed to have intended to alter it by the enactment of another statute, dealing with an entirely different matter. The constitutional right of a speedy trial is one thing and the necessity or expediency of a jury for a term of court is an entirely different thing. To give sec. 7, of ch. 116 the force or effect claimed for it in argument, would make it impliedly limit or amend the other statute fixing the bounds of delay in criminal trials. Such a construction would be manifestly violative of a firmly established rule. A statute intended by the law making body to become effective as a part of a general system of law, relating to other subjects, will be so construed as to operate in harmony with such system, and not to contravene or infringe upon it, if the terms thereof, fairly and reasonably considered, will permit such construction. *Reeves* v. *Ross*, 62 W. Va. 7; *Coal & Coke Railway Co.* v. *Conley and Avis*, 67 W. Va. 129, Syllabus, point 27. These decisions and numerous others cited in the case last referred to emphatically assert that there is a strong presumption against legislative intent, in the passage of an act pertaining to one subject, to innovate upon the law of another subject, whether common or statutory.

Of course, the statute contemplates terms actually held, not terms merely provided for by law. *Ex parte Santee*, 2 Va. Cas. 363; *Commonwealth* v. *Cawood*, 2 Va. Cas. 527. Complete terms, not merely partial ones, are contemplated. *Bell* v. *Commonwealth*, 8 Gratt. 600. The term at which the prisoner is first held is not one of the three. It must be excluded. *Bell's Case*, 7 Gratt. 646; *Bell* v. *Commonwealth*, 8 Gratt. 600; *Sands* v. *Commonwealth*, 20 Gratt. 800. All of

these requirements are complied with in this case, unless the three terms must be consecutive.

The four unexcused and countable terms here involved were not consecutive, but nothing in the terms of the statute requires them to be so. To read into it such a requirement would do violence to both its terms and spirit. There is no good reason why, after having allowed two terms to pass, the state should be permitted, by the necessity of a continuance or a mistrial, to break up the counting and require the prisoner to begin a new one. Such construction would add not only a word to the terms of the statute, but also a principle not therein recognized. It does not contemplate a three term period of delay, as ground of discharge. It says the prisoner shall be forever discharged from prosecution for the offense, if there be three regular terms of the court, after the indictment is found against him, without a trial, unless the failure to try him is excused upon grounds indicated. There is no right in the court to say the legislature meant anything different from what it has said.

Under this construction of the statute, the admitted facts entitle the prisoner to a discharge from prosecution on the indictment against him, and from custody, and it will be awarded.

*Prisoner discharged.*