# CHARLESTON.

## STATE v. JAMES CRAWFORD.

### Submitted February 25, 1919.   Decided March 4, 1919.

1. CRIMINAL LAW—*Discharge from Prosecution—Terms of Court.*

    Under sec. 25 of Ch. 159 of the Code, the third unexcused term after the one at which an indictment for a felony was found is countable for the accused, on his motion for a discharge from prosecution, notwithstanding lack of termination thereof at the date of the entry of a *nolle prosequi,* setting him at liberty. (p. 557).

2. SAME—*Want of Probable Cause—Discharge.*

    One in whom such right has so vested is entitled to a discharge from prosecution on a second indictment for the same offense, returned several years after the vesting thereof, such dismissal and reindictment being in contravention of the spirit and purpose of the statute.   (p. 557)'.

3. SAME—*Refusal to Discharge Defendant—Conviction—Refusal.*

    If, in such case, the motion of the accused, for his discharge, fully sustained by the record and evidence adduced, has been overruled and he put upon trial and convicted, the judgment will be reversed and the verdict set aside, on a writ of error, and the appellate court rendering such judgment as the trial court should have rendered, will sustain the motion and forever discharge the accused from prosecution for the offense so charged.   (p. 559).

Error to Circuit Court, Mingo County.

James Crawford was convicted of voluntary manslaugh-

ter, and his motions for new trial and for a discharge being overruled, he brings error.

*Reversed, and defendant discharged.*

*Goodykoontz & Scherr* and *Marcum & Marcum,* for plaintiff in error.

*E. T. England,* Attorney General, *Henry A. Nolte,* Assistante Attorney General, and *B. Randolph Bias,* for the State.

POFFENBARGER, JUDGE;

If the defense underlying the first assignment of error on this writ is well founded and fully established, there will be no occasion for consideration of any of the others. On a second indictment charging the murder alleged in the first, the accused moved the court for a discharge on the ground of detention without trial, under the former indictment, for such a period of time as confers right of discharge from the offense. The court having overruled his motion, he entered a plea of not guilty and was convicted of voluntary manslaughter. After having unsuccessfully moved for a new trial, he renewed his motion for discharge, which the court overruled and sentenced him to confinement in the pentitentiary for a period of three years.

The identity of the offenses charged in the two indictments is not questioned. Each of them charges James Crawford with the murder of Lewis Rutherford, and the identities of these persons and the homicides averred, respectively, are proved by the oath of the prosecuting attorney. They differ only as to the date of the homicide, but the allegation thereof is an immaterial one.

The motion is founded upon sec. 25 of ch. 159 of the Code, reading as follows: ''Every person charged with felony, and remanded to a circuit court for trial, shall be forever discharged from prosecution for the offence, if there be three regular terms of such court, after the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from at-

tending by sickness or inevitable accident; or by a contin-
uance granted on the motion of the accused; or by reason of
his escaping from jail, or failing to appear according to his
recognizance, or of the inability of the jury to agree in their
verdict.''

Before the end of the third term of the Criminal Court of
Mingo County after the one at which the first indictment was
found, a *nolle prosequi* was entered, and the principal in-
quiry is whether that term can be counted in favor of the
accused, continuances having occurred on the motion of the
state at the other two terms. That indictment was found at
the January term 1911. In that term, there was a continu-
ance on the motion of the accused until April 11, 1911. At
the April and July terms 1911, there were continuances of
the case on motions of the state. At the next term, the third
after the date of the indictment, the *nolle prosequi* was en-
tered. At the January term 1916, the new indictment was
returned. On the motion for discharge, the accused proved
his readiness for trial at the April, July and October terms.
Presumptively, the state was unable to prove facts applying
the exceptions prescribed by the statute relied upon, so as to
deprive the accused of the benefit of any of the terms, for it
made no effort to do so. It merely denies his right to count
the October term 1911, because he was not held for trial until
it ended.

Whether such a term is to be counted seems never to have
been a subject of inquiry in this court or any reported Vir-
ginia decision. Upon the legal fiction that a term of court is
a single day, the first day thereof, and the tendency of the
interpretation urged by the accused to defeat the ends of
justice and work a perversion of the statute, it was held in
*Bell's Case,* 7 Gratt. 646, 8 Gratt. 600, that a person re-
manded for indictment and trial was not entitled to the bene-
fit of the term in which he was remanded. It had occurred
and become complete and full before the remand took place.
Besides, a person might be committed for indictment at a
date within the term so late as to render it impossible to af-
ford an opportunity for such action. There is a similar hold-
ing in *Sands* v. *Com.,* 20 Gratt. 800. The first ground of

these decisions would bring the October term 1911 within the statute in this case, for it would make it complete before the entry of the *nolle*. The other argument is inapt, for there is, under the circumstances obtaining here, time for trial and a total lack of adventitious circumstances working surprise. The Virginia decisions just referred to have been incautiously interpreted as requiring full and complete terms. *Ex parte Anderson*, 81 W. Va. 171. This observation was made merely *arguendo* and is, therefore, simply an *obiter dictum*. The question here presented was not involved in the case at all, nor was it really considered.

Application of the legal fiction invoked in Bell's Case might result in the loss of the third term to the state, if strictly adhered to, for the impossibility of holding a prisoner into the third term without passing the first day thereof is obvious, and, if that day makes the term complete for the purposes of the statute, he could not be held beyond it. However this may be, the interpretation urged by the attorneys for the plaintiff in error accords with the spirit and purpose of the statute, while that adopted by the state is highly objectionable, because it tends to deprive the accused of the constitutional right for the enforcement and protection of which the statute was passed. When a prisoner has stood ready for trial through two full terms and substantially through the third one, and, no doubt, until the jury has been discharged and the opportunity for trial at that term annihilated, he has substantially performed all the statutory conditions requisite to his right of discharge. Although such a discharge is not the moral equivalent of an acquittal and he may be guilty, his constitutional right to have his guilt or innocence determined by a trial within a reasonable time cannot be frittered away upon purely technical and unsubstantial grounds. Nor is the legislative act designed to enforce such right to be interpreted otherwise than in accordance with the recognized rules of construction. To permit the state to enter a *nolle prosequi* within the third term and re-indict for the same offense and thus deprive the prisoner of the terms fully elapsed as well as the term about to end, would make it possible to keep the prisoner in custody or under recognizance,

for an indefinite period of time, on charges of a single offense; unless, perhaps, he could enforce a trial by the writ of mandamus. Such a construction as substantially tends to the defeat or undue limitation of the purpose of a statute is not permissible in any jurisdiction. That statutes shall be so construed as to effectuate the legislative purpose, not defeat it, is fundamental and all-pervasive in statutory construction. The remedy given by law for failure to accord a prompt trial to one charged with a felony is right to be discharged, not mandamus to obtain such a trial. Whether the latter would be adequate to due enforcement of the constitutional right is a legislative question, not a judicial one. The conclusion indicated by these observations harmonizes with the construction given the statute in *Ex parte Dudley,* 55 W. Va. 472, in which the state endeavored to prolong the detention by a retirement of the case from the docket. Of course, there is a difference between a retirement from the docket and a setting at liberty by a *nolle prosequi* and between a reinstatement and reindictment, but the decision just mentioned emphasizes the inability of the state to prevent a discharge under the statute, or prolong the detention, by a retirement of the case, to do indirectly what it cannot do directly. To *nolle* and reindict is strictly analogous, and just as clearly contravenes the purpose of the statute. Judge LYNCH and I expressed the opinion that it could not be done by an adjournment of the third term of court after the one at which the indictment was found, in *Denham* v. *Robinson,* 72 W. Va. 243, 255.

That a *nolle prosequi* does not preclude reindictment is well settled, but that proposition is not inconsistent with the prisoner's right to a discharge by reason of unlawful detention, nor does it argue anything against legislative intent to enforce the constitutional right of speedy trial. By a dismissal before the right of discharge vests, the state may always save its right to prosecute on a new indictment, and, moreover, every accused person does not stand ready for trial, as did the prisoner in this case. That a dismissal and reindictment do not prevent the operation of the statute has been judically declared in well considered decisions in other juris-

dictions. *Brooks* v. *People*, 88 Ill. 327; *Newlin* v. *People*, 221 Ill. 166; *People* v. *Heider*, 225 Ill. 347, 11 L. R. A. N. S. 257; *State* v. *Wear*, 145 Mo. 162. The effect of such a discharge depends upon the terms of the statute conferring the right. Ours clearly makes it absolute and equivalent to an acquittal, as regards further prosecution. *Adcock's Case*, 8 Gratt. 661, 681. For an elaborate review of the cases arising under the statutes of the several states, see the note to *Re Begerow*, 56 L. R. A. 513.

The motion for discharge should have been sustained, and this court, rendering such judgment as the trial court should have rendered, will sustain the motion and enter a judgment forever discharging the accused from prosecution for the offense charged in the two indictments set forth in the record.

*Reversed and defendant discharged.*