120 S.E.2d 504 (1961)
STATE of West Virginia ex rel. Joe SMITH
v.
Honorable Max DE BERRY, Judge of the Circuit Court of Pleasants County.
STATE of West Virginia ex rel. Richard Stanley BROOKS
v.
Honorable Max DE BERRY, Judge of the Circuit Court of Pleasants County.
Nos. 12106, 12107.
Supreme Court of Appeals of West Virginia.
Submitted May 23, 1961.
Decided June 27, 1961.
*505 Fred L. Davis, Eugene T. Hague, Parkersburg, for relators.
Sam White, Pros. Atty., St. Marys, C. Donald Robertson, Atty. Gen., Andrew J. Goodwin, Asst. Atty. Gen., for respondent.
GIVEN, Judge.
Involved in these original proceedings in prohibition, against the Honorable Max De-Berry, Judge of the Circuit Court of Pleasants County, is the question of whether the petitioners, Joe Smith and Richard Stanley Brooks, at the relation of the State, should be discharged from further prosecution as to certain charges contained in five felony indictments returned by a grand jury of the Circuit Court of Pleasants County. No question of fact exists, the material or controlling facts being admitted by the answers filed in the respective cases. The matters are heard on the petitions, answers, briefs, certain evidence taken before the Circuit Court of Pleasants County, on motion to discharge petitioners from further prosecution, and on oral arguments of the respective parties. The problems of law involved, based on substantially the same facts, are the same in each case, and one opinion suffices.
On March 8, 1960, petitioner Smith was arrested on a warrant issued in Tyler County, charging a felonious assault, and was incarcerated in the Tyler County jail on that charge. Later, the person alleged to have been assaulted died from injuries received at the time of the assault, and Smith was, at the July, 1960, term of the Circuit Court of Tyler County, indicted on a charge of murder of the person assaulted. The petitioner Brooks was arrested and held in the Tyler County jail, in default of bond, as a material witness to the assault which resulted in the murder charge.
On March 16, 1961, during the March, 1961, term of the Circuit Court of Tyler County, Smith entered a plea of guilty to voluntary manslaughter, and was sentenced to the state penitentiary for a term of from one to five years. At the time Smith was sentenced Brooks was released from custody of the Tyler County authorities, but was immediately arrested in connection with the charges contained in the Pleasants County indictments here involved. It may be noticed that Smith and Brooks were each held in custody in the Tyler County jail from March 8, 1960, to March 16, 1961.
While petitioners were confined in the Tyler County jail, in connection with the Tyler County charges, a warrant was issued against them in connection with the Pleasants County charges, the charges made in the indictments here involved, and was read to them in the Tyler County jail by the officer to whom it was delivered, and petitioners were fully advised of such charges. Later, at the April, 1960, term of the Pleasants County Circuit Court, on the first day of that term, April 26, 1960, the five indictments were returned against petitioners, charging the commission of felonies in Pleasants County, being the five indictments mentioned above. Petitioner Smith was removed from the state penitentiary to Pleasants County, and the time for trials in that county on the five indictments was *506 fixed for the April, 1961, term of the Circuit Court of that county, and the motion for discharge from prosecution having been overruled by the Circuit Court of Pleasants County, this Court awarded rules in prohibition, suspending further proceedings in the criminal cases, by virtue of Code, 53-1-9.
The prosecuting attorney of Pleasants County was at all times material advised as to the incarceration of petitioners in the Tyler County jail, but made no effort to have them removed therefrom for prosecution in Pleasants County, other than to make a request of the prosecuting attorney of Tyler County to the effect that petitioners be surrendered to the Pleasants County authorities for prosecution, which was, apparently, refused.
From such facts it may be summarized that petitioners were held in custody in the Tyler County jail for a period of time commencing before the beginning of the April, 1960, term of the Circuit Court of Pleasants County, and held continuously through the September, 1960, term, and the January, 1961, term of that court, no other term occurring in the meantime; that the indictments here involved were returned on the first day of the April, 1960, term of the Circuit Court of Pleasants County, and that the State made no real effort to bring the petitioners to trial on such indictments at the April and September, 1960, terms, or at the January, 1961, term, but did cause trial on the indictments to be set for the April, 1961, term.
From such facts two questions arise. First, is the April, 1960, term of the Circuit Court of Pleasants County, the term at which the indictments were returned, to be counted as one of the three terms required and intended within the meaning of Code, 62-3-21, as amended, to require the discharge of a defendant from further prosecution? And, second, were petitioners, by their incarceration in the Tyler County jail, in effect, "remanded to a court of competent jurisdiction for trial," within the meaning of that section?
The pertinent language of Code, 62-3-21, as amended, reads: "Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the state being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict * * *." The last amendment of the section, Chapter 40 of the 1959 Acts of the Legislature, extended the effects of the section to misdemeanors.
As often pointed out by this Court, the purpose of the pertinent statute is to assure a defendant a speedy trial. It is the legislative adoption or declaration of what, ordinarily, at least, constitutes a speedy trial within the meaning of Article III, Section 14 of the State Constitution, and of the Sixth Amendment to the Federal Constitution, and, of course, for the purpose intended should be liberally construed. See Hollandsworth v. Godby, 93 W.Va. 543, 117 S.E. 369; Ex parte Bracey, 82 W.Va. 69, 95 S.E. 593; Denham v. Robinson, Judge, 72 W.Va. 243, 77 S.E. 970, 45 L.R.A., N.S., 1123, Ann.Cas.1915D, 997; Dudley v. State, 55 W.Va. 472, 47 S.E. 285; 22A C. J.S. Criminal Law § 466, et seq.; 14 Am. Jur., Criminal Law, Section 134, et seq.
In State v. Gregory, 143 W.Va. 878, 105 S.E.2d 532, 533, we held: "1. Where an accused under indictment for an offense is without the jurisdiction, and returns to the jurisdiction to answer to the indictment on a day subsequent to the beginning of a regular term of the court having jurisdiction to try him for the offense, the term *507 during which he returned is not to be counted in determining whether accused is entitled to discharge from prosecution by virtue of Code, 62-3-21." See State v. Loveless, 142 W.Va. 809, 98 S.E.2d 773; State v. Wiseman, 141 W.Va. 726, 92 S.E. 2d 910; State v. Underwood, 130 W.Va. 166, 43 S.E.2d 61; Dillon v. Tanner, 107 W. Va. 550, 149 S.E. 608; State v. McIntosh, 82 W.Va. 483, 96 S.E. 79; Ex parte Bracey, 82 W.Va. 69, 95 S.E. 593; Ex parte Anderson, 81 W.Va. 171, 94 S.E. 31; Denham v. Robinson, Judge, 72 W.Va. 243, 77 S.E. 970, 45 L.R.A.,N.S., 1123.
In Sands v. Commonwealth, 20 Grat. 800, 61 Va. 800, often cited by this Court, considering a very similar question to that here involved, the Court said: "The three terms spoken of in the act, ch. 208, § 34, Sess.Acts 1866-67, are three terms after that at which the prisoner is first held for trial. And though a prisoner has been arrested and committed to jail, or gives bail to appear and does appear, or is brought into court, on the first day of a term of a court, that term is not to be counted as one of the three terms aforesaid." In the opinion the Court said: "* * * Before a prisoner is entitled to his discharge, under this section, there must be three regular terms  that is, plainly, whole terms; not parts or fractions of three terms, but three entire terms, of such court after he is so held, without a trial; or, in other words, there must be three periods of a session of such court, having a beginning and ending after that term when he is first held for trial. If the term has commenced (no matter how soon after its commencement the prisoner has been delivered into the custody of the court), that term cannot be counted as one of the three regular terms, after he is held for trial, because a part of that term has already expired and there is but a part of it left; it may be a large part or a small part, depending upon how long the court may sit; still it is not an entire term. And it cannot be said that in such a case a term of the court has passed when only a part of a term has expired; for that would be to hold that a term of a court means a part of a term." See Bell v. Commonwealth, 8 Grat. 600, 49 Va. 600; Bell's Case, December Term 1850, 7 Grat. 646, 48 Va. 646.
Petitioners rely heavily on language found in State v. Crawford, 83 W.Va. 556, 98 S.E. 615, 616, to the effect that "The Virginia decisions just referred to have been incautiously interpreted as requiring full and complete terms". In that case, however, the question related to the third term of the court, at which term the State, without bringing itself within the exceptions mentioned in Code, 62-3-21, as amended, caused the entry of a nolle prosequi, thereby denying the defendant a trial at the third term, in effect denying a trial at the whole term. To have permitted the State that alternative would have, in effect, permitted it to flout or circumvent the true intention of the statutory provision. That the holding was not intended to change the established rule relating to the indictment term is clearly established by the actual holding on the point: "1. Under section 25 of chapter 159 of the Code, 1913, * * * the third unexcused term after the one at which an indictment for a felony was found is countable for the accused on his motion for a discharge from prosecution, notwithstanding lack of termination thereof at the date of the entry of the nolle prosequi, setting him at liberty." See State v. Watson, 99 W.Va. 34, 127 S.E. 637; Hollandsworth v. Godby, 93 W.Va. 543, 117 S.E. 369; Ex parte Anderson, 81 W.Va. 171, 94 S.E. 31; Dudley v. State, 55 W.Va. 472, 47 S.E. 285.
Petitioners also rely on the holding in Hollandsworth v. Godby, supra. The problem in that case, however, is clearly distinguishable from the controlling question in the instant case. In the cited case the defendant was arrested by virtue of a warrant issued in Raleigh County, charging the commission of a felony in Raleigh County and, though actually arrested under that warrant in Mercer County and later tried in connection with a charge of having *508 committed a felony in Mercer County and convicted thereof and sentenced to the penitentiary, the Court held, we think correctly, that the holding for a trial under the Raleigh County warrant was a holding on the Raleigh County felony charge, for which he had been indicted, for more than three regular terms of the Raleigh County Criminal Court prior to the time he was brought to trial and, the State having failed, for three regular terms after the indictment term, to bring the defendant to trial or to bring itself within the exceptions mentioned in the statute, defendant was entitled to be discharged from further prosecution.
Were petitioners "remanded to a court of competent jurisdiction for trial", within the meaning of Code, 62-3-21, as amended? In State v. Gregory, 143 W.Va. 878, 105 S.E.2d 532, it is pointed out that the word "remanded", as used in the statute, has been construed to mean "held". See State v. Kellison, 56 W.Va. 690, 47 S.E. 166. Were the petitioners, or either of them, "held" to a court of competent jurisdiction "for trial"? Clearly the answer must be in the negative as to each petitioner. The petitioner Brooks was "held" merely as a material witness, and the petitioner Smith was "held" only under a warrant issued, before the return of any indictment, realistically, for the purpose of answering an indictment in the event of one being found against him. Moreover, the holding was not in connection with the felonies charged in the five indictments here involved, but in connection with a different felony, a felony committed in a different county. See State v. Crawford, 83 W.Va. 556, 98 S.E. 615; Ex parte Chalfant, 81 W.Va. 93, 93 S.E. 1032; State v. Kellison, 56 W. Va. 690, 47 S.E. 166.
It is contended that since the petitioners were held in the Tyler County jail on an indictment returned in that county, they were, during the period of time there incarcerated, within the custody of the State and available to the State for trial on the Pleasants County indictments, and, therefore, the regular terms of court of Pleasants County, occurring within the period of such in carceration, should be counted against the State, and counted in favor of the discharge of petitioners from further prosecution.
Custody of the person of an accused by the court, or its equivalent, is essential to the jurisdiction of a court to try a defendant on a felony charge. Usually such jurisdiction over the person of a defendant in a criminal case is obtained by virtue of a warrant or similar process issued by the court. 22 C.J.S. Criminal Law § 144. In 22 C.J.S. Criminal Law § 111 b, it is stated: "Where a person is accused of several offenses triable by different courts, or of offenses against different sovereignties, the court or sovereignty first acquiring jurisdiction of the offender is entitled to retain it exclusively until its laws are satisfied; but such court may waive its exclusive priority and surrender or lend the offender to another court or sovereignty." See 39 C.J.S. Habeas Corpus § 53. It would seem sufficient, therefore, in answer to the contention of petitioners, to point out that the petitioners were actually within the exclusive control, if not within the exclusive custody, of the Circuit Court of Tyler County during their incarceration in the jail of that county, and that the officers holding petitioners by virtue of the warrants issued in that county, though considered to be state officers, were responsible primarily, if not exclusively, to that court for such custody, and that the Tyler County Circuit Court had the power to retain exclusive control or custody of petitioners during the time they were incarcerated in the county jail of that county. They were, therefore, as effectively without the jurisdiction of the Circuit Court of Pleasants County as was the defendant in State v. Gregory, supra, without the jurisdiction of the Circuit Court of Monongalia County, as to all times material.
For the reasons pointed out, the rules in prohibition heretofore issued are discharged, and writs of prohibition are denied.
Writs denied.