**Velton COOPER, Petitioner,**

v.

**Frank B. KING, Warden of the West Virginia Medium Security Prison, Respondent.**

**Civ. A. No. C–68–85–E.**

United States District Court
N. D. West Virginia.
July 16, 1969.

Raymond L. Fair, Elkins, W. Va., Court appointed, for petitioner.

C. Donald Robertson, Atty. Gen. of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

## MEMORANDUM

MAXWELL, Chief Judge.

Petitioner, Velton Cooper, is presently on parole from the West Virginia Medium Security Prison from further execution of an indeterminate sentence of not less than one nor more than fifteen years. The sentence was imposed on January 18, 1966, by the Circuit Court of Fayette County, West Virginia, following his conviction after jury trial on the charge of burglary.

Petitioner has filed a petition for federal habeas corpus with this Court, alleging jurisdiction under 28 U.S.C.A. §§ 2241 et seq., seeking relief from this state court conviction and sentence. This Court appointed counsel for Petitioner and after a full evidentiary hearing, the case was submitted for decision.

Subsequent to the plenary hearing held in Petitioner's case, Petitioner advised the Court that he had been placed on parole from the sentence attacked and is no longer in the custody of the Respondent. This Court nevertheless affords full consideration to the merits of Petitioner's contentions, following the teaching of Carafas v. La-Vallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), which holds that a petitioner's release from custody does not render his case moot. See also Rinehart v. Boles, 286 F.Supp. 562 (N.D.W. Va.1968).

Upon consideration of the matters presented in Petitioner's habeas corpus application, Respondent's answer to the order to show cause, Petitioner's rebuttal to Respondent's answer, and the testimony heard at Petitioner's plenary

hearing in this Court, the issues raised or suggested for consideration and determination are: (1) denial of Petitioner's right to a speedy trial; (2) denial of Petitioner's right to seek an appeal due to the ineffectiveness of counsel; and (3) denial of Petitioner's right to counsel at his preliminary hearing.

In support of his contention that he was denied a speedy trial, as guaranteed by the Sixth Amendment to the United States Constitution,[1] Petitioner states that more than three regular terms of court passed after his indictment, without trial, in violation of West Virginia Code § 62–3–21 (Michie 1966),[2] thereby entitling him to his release from the pending burglary indictment.[3]

Upon a thorough consideration of all the testimony presented, and of all the exhibits filed in the case, it appears to the Court that the proceedings in Petitioner's case occurred in the following sequence. On December 8, 1964, near the end of the September 1964 term of court in the Circuit Court of Fayette County, West Virginia, an indictment for burglary was returned against Petitioner and two others. On January 18, 1965, in the January 1965 term of court, Petitioner and his co-defendants failed to appear at their scheduled trials, and, their attorney being unable to explain their absence, a capias was issued for their arrest. Subsequently, the cause of the absence was revealed to be that Petitioner and the others were delayed by a severe snowstorm. Attendance at the next regular term of court was assured by their attorney, and the case was continued generally to the following term.

At the May 1965 term of court, Petitioner's attorney sought separate trials for each of the defendants. This was achieved and one of Petitioner's co-defendants was tried and convicted at this term. The trials of Petitioner and his remaining co-defendant were then necessarily continued over to the next term, because all concerned believed that a separate venire was necessary to insure total fairness of each trial.

At the next regular term of court, the September 1965 term, the state did present a motion, strongly resisted by Petitioner, for a continuance in Petitioner's case, due to the absence, because of illness, of the prosecution witness. The motion was granted and Petitioner's case was subsequently continued over to the following term of court. It was at the January 1966 term of court that Pe-

---

1. It is established law that the Sixth Amendment right to a speedy trial applies to the states through the Fourteenth Amendment. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). An excellent discussion of the federal concept of the speedy trial guarantee is contained in United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L. Ed.2d 627 (1966).

2. W.Va.Code § 62–3–21 (Michie 1966) provides:

    Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by

sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict; * * *.

3. This statute is actually a pronouncement of the West Virginia legislative concept of a speedy trial. In State ex rel. Smith v. DeBerry, 146 W.Va. 534, 120 S.E.2d 504, 506 (1961) the Court observed:

    As often pointed out by this Court, the purpose of the pertinent statute is to assure a defendant a speedy trial. It is the legislative adoption or declaration of what, ordinarily, at least, constitutes a speedy trial within the meaning of Article III, Section 14 of the State Constitution, and of the Sixth Amendment to the Federal Constitution, and, of course, for the purpose intended should be liberally construed. (Citations omitted).

titioner's case proceeded on to trial, and culminated in a verdict of guilty.

Petitioner claims that more than three terms of court passed before disposition of his case. However, in State ex rel. Smith v. DeBerry, 146 W.Va. 534, 120 S.E.2d 504 (1961), the West Virginia Supreme Court of Appeals, in the syllabus by the Court, Syllabus Point #1, stated:

> The three regular terms of a court essential to the right of a defendant to be discharged from further prosecution, pursuant to provisions of Code, 62-3-21, as amended, are regular terms occurring *subsequent* to the ending of the term at which the indictment against him is found. The term at which the indictment is returned is not to be counted in favor of the discharge of a defendant. (Emphasis added).

Therefore, in Petitioner's case, the September 1964 term in which he was indicted is not to be considered in totalling the terms passed without trial under West Virginia Code § 62-3-21 (Michie 1966).

In the January 1965 term of court it was Petitioner who did not appear in court at the scheduled time for his appearance, thereby precipitating events terminating in a continuance. Due to Petitioner's inadvertence, though excusable, the delay was necessitated. As such this term may not be included in calculating the number of terms passing under the statute.[4]

In the May 1965 term Petitioner by counsel sought severance of his case from those of his co-defendants so that a separate trial could be had for each defendant. The use of this tactic is tantamount to a motion by the two remaining defendants not tried, for a continuance. Petitioner cannot be heard to complain of prejudice of denial of a speedy trial here, where the delay resulting at this term was to prevent submission of his case to a venire that could possibly be prejudiced after hearing a companion case. Accordingly, the May 1965 term should not be considered in computing the number of terms passing under the three-term rule.

Similarly, in the September 1965 term, although the continuance was granted on motion of the prosecuting attorney, and resisted by Petitioner, when the reason asserted as grounds for the motion is considered, it is evident that this term also may not be included in the computation of the number of terms passing under West Virginia Code § 62-3-21 (Michie 1966). A statutory exception to the operation of this provision, included in the provision itself, is that failure to prosecute within three regular terms of court entitles a defendant to discharge, "unless the failure to try him was caused by * * * the witnesses for the State being * * * prevented from attending by sickness * * *." This continuance was granted due to the absence of the complaining witness on account of illness. The conclusion to be reached here is that Petitioner is unable to rely upon this term as being within the statutory language of a regular term passing, without trial.[5]

Petitioner made no objection to any of the continuances except the final one. The issue of denial of a speedy trial was not raised at any stage of Petitioner's trial court proceedings, the allegation first being raised at post-conviction proceedings.[6] The ultimate analysis of

---

4. See note 2 *supra.* The accused "failing to appear" is specifically set out as an exception to the operation of W.Va.Code § 62-3-21 (Michie 1966).

5. See note 2 *supra.*

6. "[T]he federal courts have consistently held that the right to a speedy trial is a personal right of the defendant and is deemed to have been waived by him if not promptly asserted." United States v. Hill, 310 F.2d 601, 603 (4th Cir. 1962). Although not essential to this Court's holding, it would appear that Petitioner effectively waived this right in a manner sufficient to place this case within the

Petitioner's claim leads to the conclusion that his case was tried and disposed of within the requirements of the three terms rule statute after indictment. It is the holding of this Court that Petitioner was not denied his constitutional or statutory right to a speedy trial. In fact, under the circumstances presented here, Petitioner's case was handled in the only manner feasible and suitable in maintaining justice and equitable treatment to all parties involved.

Petitioner asserts that by reason of his hired counsel's negligence, he was denied his constitutional right to seek an appeal. Petitioner had the benefit of two employed counsel at his trial. He claims that upon the return of the guilty verdict by the jury, an agreement was reached with his counsel that one of them, who practiced in the State of West Virginia, would carry the case up on appeal, while the second, being a resident of the State of Ohio, would immediately terminate his representation.

Petitioner stated that it was his understanding that he had paid the West Virginia attorney in full and that the West Virginia attorney was taking the appropriate steps to appeal the entire case. Petitioner revealed that $400.00 was paid the West Virginia attorney when employed for Petitioner's trial, in January of 1966. No further sum was tendered as attorney's fees. Petitioner asserts, however, that the agreement was to carry the case to finality. Petitioner did acknowledge that he knew of the presentation and argument by his attorney, before the West Virginia Supreme Court of Appeals, of a petition attacking the trial court's denial of bond in Petitioner's case.

Petitioner testified that in July of 1966 he conferred with his attorney at the prison, when he was assured that his case was before the West Virginia Supreme Court of Appeals. He claims that after this he sought to communicate with his attorney several times, but received no response. He testified that he received correspondence from his Ohio attorney with whom no agreement to appeal had been made, that the Ohio attorney's attempts to correspond with his West Virginia attorney relative to the status of Petitioner's case had been, as far as he knew, fruitless. Petitioner concluded his testimony by stating that ten months to a year after his conviction he received definite information for the first time that no appeal was prosecuted in his case.

Petitioner's West Virginia attorney, allegedly hired for appeal as well as for trial, testified in rebuttal to Petitioner's contentions before this Court. He stated that he was employed as counsel approximately one week before Petitioner's trial in January, 1966. He testified that at no time did he agree to appeal the verdict and conviction or to perfect a writ of error.

Petitioner's attorney testified that he did agree post-trial to "appeal" to the State Supreme Court at no additional fee the trial court's post-verdict decision refusing to set bond for Petitioner pending post-trial motions. He stated that he told both Petitioner and the Ohio attorney that he would appeal the bond issue, but that no understanding of any additional appeal was reached. He in fact filed pleadings and made three appearances before the West Virginia Supreme Court of Appeals in an unsuccessful effort to acquire post-trial bond for Petitioner.

Petitioner's attorney testified further that he received four hundred dollars as a fee from Petitioner for representation at trial. He testified in a positive and assuring manner that this fee did not contemplate the prosecution of an appeal in event of a conviction. He related that the trial court record and transcript were obtained for use in presenting post-trial motions, and that he personal-

---

general rule that such a waiver is a bar to the raising of the claim of a denial of right to speedy trial by post-convic-

tion means. See Annot., 57 A.L.R.2d 302, 336 (1958).

ly paid $200.00 for the materials on Petitioner's assurance of reimbursement. He was never reimbursed.

Concerning the conference with Petitioner at the penitentiary, Petitioner's West Virginia attorney stated that he did not discuss the appeal of Petitioner's conviction with the Petitioner, but discussed only the State Supreme Court's refusal to admit Petitioner to post conviction bond. He further testified in a forthright and convincing manner that he made no statement to Petitioner that an appeal was pending in the West Virginia Supreme Court of Appeals.

Another witness for Respondent, who was present at the conference held at the penitentiary, testified in support of testimony given by Petitioner's West Virginia attorney. He remembered discussing the matter of bond, but did not recall any discussions concerning appeal or writ of error.

Petitioner's West Virginia attorney terminated his testimony by commenting on the minimal possibility of a misunderstanding between himself and Petitioner concerning the matter of the prosecution of an appeal. He observed that it was his impression that Petitioner was not unfamiliar with the courts and court procedure. He stated that conversations between them were sufficiently definitive. He emphasized that at no time was there an agreement reached as to a fee or to any other matter relating to the prosecution of an appeal of the conviction.

The Court has before it the full record of the state habeas corpus proceeding had in the Circuit Court of Fayette County, West Virginia, where the issue of denial of appeal was raised and denied. (Respondent's Exhibit No. 1).

The state court judge granted a full evidentiary hearing to Petitioner, and on July 22, 1967, rendered what this Court considers a thorough and penetrating letter opinion in which full factual determinations were made on the denial of appeal issue.

On August 16, 1967, in the Circuit Court of Fayette County, West Virginia, an order was entered denying relief to Petitioner. That court found as a conclusion of law that Petitioner had not been denied the effective assistance of counsel, nor had he been denied due process of law either under the Constitution of the State of West Virginia, or under the Constitution of the United States. That court further made the following findings of fact pertinent to the case presented here: (1) Petitioner's attorney apparently intended to proceed with an appeal in Petitioner's case, but did not do so because he was not paid for doing so; (2) Petitioner's attorney made application for bond for Petitioner, which was refused, and made application for bond to the West Virginia Supreme Court, appearing before that body on three occasions, at no additional fee to Petitioner; and (3) all exhibits filed are silent as to the attorney being hired or paid to appeal the case, and there is no preponderating evidence contrary to Petitioner's attorney's denial that he was ever hired or paid to make application for an appeal for Petitioner.

Under 28 U.S.C.A. § 2254(d) (Supp. 1967) pertaining to the prosecution of a federal habeas corpus action by a state prisoner, determinations of factual issues by the state court after a hearing on the merits, evidenced by a reliable written indicia, are presumed to be correct, absent the showing of the omission of any of the several designated requirements.[7] The Petitioner then has

7. 28 U.S.C.A. § 2254(d) (Supp. 1967) deals with treatment of state court findings:

In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the appli-

the burden of establishing by *convincing evidence* that the factual determination by the state court was erroneous,[8] a stronger requirement than the preponderance of evidence. See 32A C.J.S., Evidence § 1023 (1964).

The state court determination here of the issue of denial of Petitioner's appeal due to ineffective counsel, is the type of contention contemplated by Congress to fall within the words as well as the spirit of 28 U.S.C.A. § 2254(d) (Supp.1967). Petitioner here has failed to establish, and it does not otherwise appear from the evidence or from any admissions by Respondent that any of the enumerated circumstances existed which would prevent the presumption of correctness from attaching to this state court's determination of factual issues presented. It is the observation and opinion of this Court that the Petitioner has fallen far short of meeting the "convincing evidence" burden of proof requirement necessary to overcome the presumption of correctness of the state court findings before this Court. See Justus v. State of New Mexico, 378 F.2d 344 (10th Cir. 1967), cert. denied, 390 U.S. 1016, 88 S. Ct. 1268, 20 L.Ed.2d 166 (1968).

■ Accordingly, applying the federal standards of ineffectiveness of counsel to the findings of fact here presented and acted upon, the representation of counsel now assailed was far superior to that which this Court could term as a farce or which could be considered shocking to the conscience of the Court or which would be a mockery of justice. Knowles v. Gladden, 378 F.2d 761 (9th Cir. 1967); Root v. Cunningham, 344 F.2d 1 (4th Cir. 1965). Petitioner could have during his appeal time hired appellate counsel, either his previously hired trial counsel or new counsel. If he lacked the necessary funds, Petitioner could have applied for appointed counsel as a pauper. He has failed to demonstrate that he availed himself of any available, effective means to set in mo-

---

cant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record: * * *

8. Following the provisions of 28 U.S.C.A. § 2254(d) (Supp. 1967), set out in note 7, *supra*, the following provision as to the requirement of convincing evidence is declared.

    *      *      *      *      *

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

tion the process of appeal. Under the facts of this case, Petitioner's attorney had no affirmative duty to act in prosecuting an appeal. That no appeal was taken in Petitioner's case under the facts here cannot be said to be the fault of the West Virginia attorney; cause for blame is Petitioner's inaction, and must rest solely on Petitioner.

Petitioner has presented testimony that several times after arrest, he asked for and was denied by police, the jailer, and others, the right to call an attorney, and was denied the right to an attorney at his preliminary hearing. The testimony of Petitioner's co-defendant supports this contention. It is uncontradicted that Petitioner did not have an attorney at his preliminary hearing. Rebuttal testimony was presented here by the chief of police of the town where Petitioner was arrested and confined, a city patrolman who allegedly denied Petitioner an attorney on request, and the justice of the peace before whom Petitioner was brought for his preliminary hearing. These rebuttal witnesses testified that they received no requests from Petitioner for an attorney, and received no complaints from Petitioner as to denial of an attorney on request. Petitioner's hired trial attorney stated that Petitioner never complained to him of being denied a request for an attorney.

It is not necessary for the Court here to resolve this factual issue. In West Virginia the preliminary hearing is itself ordinarily not considered to be a critical stage of the criminal proceeding, and as such, absence of counsel at that stage is not a violation of Petitioner's federal constitutional rights. Guthrie v. Boles, 261 F.Supp. 852 (N.D.W.Va. 1967). In this case Petitioner alleges no prejudice. He made no statement at the preliminary hearing and absence of counsel at this stage in no way affected Petitioner's right to a fair trial. Petitioner received the benefit of an attorney shortly thereafter whose representation continued until the termination of Petitioner's trial. This contention is therefore dismissed as not constituting a ground cognizable under federal habeas corpus.

For the reasons stated above, an order will be entered denying the relief sought and dismissing the petition from the docket of this Court.