457 S.E.2d 117

STATE of West Virginia, ex rel. Billy Ray WALDRON, Petitioner

v.

Honorable Booker T. STEPHENS, Judge of the Circuit Court of McDowell County, Respondent.

No. 22666.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 31, 1995.

Decided March 24, 1995.

---

Rudolph J. Murensky II, Welch, for petitioner.

David G. Thompson, Sp. Asst. Pros. Atty., Pineville, for respondent.

1. The McDowell County Circuit Court terms are

**PER CURIAM:**

The Petitioner, Billy Ray Waldron (hereinafter "Mr. Waldron"), seeks a writ of prohibition preventing the Honorable Booker T. Stephens of the Circuit Court of McDowell County from trying Mr. Waldron on charges of malicious assault contained in an indictment returned on June 16, 1992. Mr. Waldron contends that the provisions of West Virginia Code § 62–3–21 (1992) require dismissal of the indictment due to the failure of the State to try him within three terms after the indictment. We agree with the contention of Mr. Waldron and grant the requested writ.

### I.

Mr. Waldron was indicted for malicious assault on June 16, 1992, by a McDowell County grand jury. Although the trial was originally scheduled for September 17, 1992, it was continued until December 1, 1992, due to a transfer of this case from Judge Rudolph J. Murensky to Judge Booker T. Stephens after Judge Murensky's son, Rudolph J. Murensky, II, undertook representation of Mr. Waldron. The December 1992 trial date was then continued by motion of the State, and the trial was rescheduled for February 1993. The February trial date was continued upon motion of Mr. Waldron based upon the State's failure to inform Mr. Waldron of certain blood test results, as directed by discovery requirements.

The trial was not rescheduled, and Mr. Waldron was not called before the lower court until October 1994. The trial was then scheduled for January 4, 1995. A motion to dismiss for failure to try Mr. Waldron within three terms of court was denied by the lower court, and Mr. Waldron appealed to this Court.[1]

### II.

Article III, Section 14 of the West Virginia Constitution provides, in pertinent part, as follows:

Trials of crimes, and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men, public, without un-

February, June, and October.

reasonable delay, and in the county where the alleged offense was committed, unless upon petition of the accused, and for good cause shown, it is removed to some other county.

W.Va. Const. art. III, § 14.

West Virginia Code § 62–3–21 explains that an individual indicted for a crime must be tried within three terms of the indictment and specifically provides as follows:

> Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict. . . .

■ In syllabus point 2 of *State v. Carrico*, 189 W.Va. 40, 427 S.E.2d 474 (1993), we held that " '[i]t is the three-term rule, *W.Va. Code*, 62–3–21 [1959], which constitutes the legislative pronouncement of our speedy trial standard under Article III, Section 14 of the West Virginia *Constitution*.' Syl.Pt. 1, *Good v. Handlan*, 176 W.Va. 145, 342 S.E.2d 111 (1986)." Furthermore, in syllabus point four of *Carrico*, we explained the following:

> 'The three regular terms of a court essential to the right of a defendant to be discharged from further prosecution, pursuant to provisions of the *Code*, 62–3–21, as amended, are regular terms occuring [sic] subsequent to the ending of the term at which the indictment against him is found. The term at which the indictment is returned is not to be counted in favor of the discharge of a defendant.' Syl. pt. 1, *State ex rel. Smith v. DeBerry*, 146 W.Va. 534, 120 S.E.2d 504 (1961).

■ In the present case, Mr. Waldron was indicted in the June 1992 term of court. During the October 1992 term, the case was continued upon the motion of the State. During the February 1993 term, Mr. Waldron continued the trial. No activity in the matter was conducted in the June 1993, October 1993, February 1994, or June 1994 terms of court. Thus, four terms elapsed with absolutely no attention given to the charges pending against Mr. Waldron.

When Mr. Waldron's motion to dismiss was addressed in the lower court, the court apparently accepted the State's contention that Mr. Waldron had necessitated the final indefinite, continuance by claiming that he was ill. When the actual motion requesting that final February 1993 continuance and the order granting such continuance are examined, however, it is apparent that the only reason presented in the motion was the State's failure to provide lab results concerning blood samples. Likewise, the order granting that continuance makes no mention of Mr. Waldron's ill-health. It simply states that the trial would be "continued generally" due to the fact that Mr. Waldron had not received "certain scientific evidence, namely blood samples obtained on October 30, 1992."

The only indication of any illness suffered by Mr. Waldron is a letter from his attorney, Rudolph J. Murensky, II, dated February 16, 1993, in which Mr. Murensky raises the issue of Mr. Waldron's health problems in an attempt to affect the discussion of a possible plea bargain. Mr. Murensky makes his intention quite clear in the final paragraph of that letter by stating the following: "I am providing you with this information so that when you discuss a plea bargain . . . you can explain to them that Billy Waldron is not well." There is no evidence in the record indicating that the illness was raised as a basis for the continuance or that the illness prevented the lower court from addressing this matter from February 1993 to October 1994.

Irrespective of any arguments regarding the continuances by the State and by Mr. Waldron and the reasons therefor, the fact remains that four subsequent terms of court elapsed without advancement of this action

against Mr. Waldron. We find that the expiration of four terms of court with absolutely no activity on Mr. Waldron's case constitutes a violation of West Virginia Code § 62-3-21, and we therefore grant the requested writ of prohibition.

Writ granted.