**Harold Edward TEETS, Petitioner,**

v.

**STATE OF WEST VIRGINIA,
Respondent.**

**Civ. A. No. C-70-114-E.**

United States District Court,
N. D. West Virginia.

Feb. 11, 1971.

Chauncey H. Browning, Jr., Atty. Gen., of W.Va., Charleston, for respondent.

## MEMORANDUM ORDER

MAXWELL, Chief Judge.

This day the Court considered the previously filed petition of Harold Edward Teets for a writ of habeas corpus, the answer of the Respondent thereto, and pertinent correspondence to be made a part of the file in this action.

In this civil action, Petitioner seeks to have his prosecution by the State of West Virginia, based on a detainer, barred, alleging that his Sixth Amendment right to a speedy trial has been violated.

Petitioner asserts, and Respondent admits, that he is incarcerated in the Maryland House of Correction, Jessup, Maryland. It appears that Petitioner is serving a sentence of six (6) years' confinement imposed upon him by the Circuit Court of Garrett County, Maryland, on May 1, 1969, following his conviction in that Court on March 1, 1969, of breaking and entering and larceny.

It is uncontroverted that a detainer was filed against Petitioner, although the date of the filing of the same is apparently at issue. In any event, it is clear that the detainer was filed some time prior to the date that Petitioner first sought to attack it in collateral proceedings.

The record before the Court reveals the following sequence of events leading to the present state of the proceedings in this action:

(1) On August 4, 1969, Petitioner submitted a letter to the Circuit Court of Mineral County, West Virginia, requesting a "fast and speedy trial" (on the offense which was the subject matter of the detainer). The letter was filed by that court on August 7, 1969, and a copy of the same is included as a portion of Respondent's Exhibit No. B in this action.

(2) Petitioner, on January 8, 1970, having received no response to the letter referred to above, submitted to the Circuit Court of Mineral County a "Petition for Order of Show Cause, Motion

for Immediate Trial and/or Dismissal of Alleged Charges." That court filed the petition on January 12, 1970. An order was entered on January 15, 1970, treating the document as a petition for a writ of habeas corpus and denying the same "for the reason that the State of West Virginia is not able to obtain jurisdiction of the person of Petitioner for the reason that he is incarcerated in another State." The petition and order herein referred to have been included within Respondent's Exhibit No. B in this action.

(3) Petitioner, in paragraph (4), page 2 of the instant petition, asserts that he submitted a request to appeal the decision of the Circuit Court of Mineral County, and that this request was directed to both the Circuit Court of Mineral County and to the West Virginia Supreme Court of Appeals. A copy of this "appeal notice," dated January 27, 1970, and directed to the Circuit Court of Mineral County, and a copy of a notification by the Clerk of the West Virginia Supreme Court of Appeals, to Petitioner, dated April 24, 1970, that no application for appeal had been filed in that court, is included among the records of that court's hearing of Petitioner's cause on June 4, 1970. These records, submitted by Respondent in compliance with this Court's request, are hereby ordered filed as Court Exhibit No. 1 herein.

(4) On February 5, 1970, Petitioner submitted a petition to the "United States District Court for West Virginia." This petition was received by the Clerk of the United States District Court for the Southern District of West Virginia on February 9, 1970, and was forwarded to the Clerk of this Court on that date, as indicated by the letter of the Deputy Clerk of the United States District Court for the Southern District of West Virginia. This letter and the petition referred to therein, now ordered filed as Court Exhibit No. 2 herein, were received by the Clerk of this Court on February 10, 1970.

(5) On March 5, 1970, Petitioner inquired, by a letter addressed to the Clerk of this Court at Wheeling, West Virginia, of the status of his case. The letter was stamped "Filed" by the Deputy Clerk of this Court in Wheeling on the date received, and on March 20, 1970, the Clerk of the Court informed Petitioner by letter, a copy of which is included in Court Exhibit No. 1, that his case would be "handled within its place on the Court calendar in relation to other habeas corpus petitions and previously scheduled criminal trials."

(6) Petitioner asserts that on March 20, 1970, he submitted a second petition for a writ of habeas corpus to the Circuit Court of Mineral County, and that the same was never acted upon by that Court. Among Petitioner's Exhibits presented at his hearing before the West Virginia Supreme Court of Appeals, included in Court Exhibit No. 1, there is a petition dated March 10, 1970, and a receipt for certified mail from the above-named Circuit Court, dated March 13, 1970.

(7) On April 14, 1970, Petitioner allegedly submitted to the United States Court of Appeals for the Fourth Circuit a petition for a writ of habeas corpus and for a writ of mandamus. A copy of the petition was sent to this Court and was received April 16, 1970. The same is now ordered filed as Court Exhibit No. 3 herein. There is nothing in the record before this Court to indicate whether the said petition was received by the Court of Appeals, or what disposition may have been made by that court, although Petitioner alleges that it was returned to him to exhaust the proceedings before this Court.

(8) Petitioner asserts that he submitted a petition to the West Virginia Supreme Court of Appeals on May 7, 1970. This is borne out by the documents in Court Exhibit No. 1, as is the fact that after a hearing on June 4, 1970, that court summarily denied relief.

(9) On July 14, 1970, Petitioner submitted the instant petition, and the same was filed on July 29, 1970. Respon-

dent's answer was timely filed, and the answer indicated that the State of Maryland had refused to honor the request for extradition submitted in May, 1970.

(10) On November 21, 1970, this Court received a letter from Petitioner, dated October 29, 1970, in which Petitioner reasserted his claim for relief and alleged that he had been denied parole in Maryland solely on the basis of the West Virginia detainer. This letter is now ordered filed as Court Exhibit No. 4 herein.

Documents submitted as a portion of Respondent's Exhibit No. B show that extradition proceedings were initiated on May 4, 1970, in an attempt to secure Petitioner for prosecution on the offense which is the subject matter of the detainer.

Copies of correspondence received from the Prosecuting Attorney of Mineral County, West Virginia, pursuant to this Court's inquiry, the same now being ordered filed as Court Exhibit No. 5 herein, indicate that the State of Maryland declined to honor the extradition application and that the only procedure which the State of Maryland would honor would be an Executive Agreement between the Governors of the two states. This correspondence further shows that the Prosecuting Attorney has made inquiry concerning the possibility of execution of such an Executive Agreement.

It should be noted at this point that prior to the submission of the instant petition in July, 1970, this Court was without jurisdiction to act in this matter, in view of Petitioner's failure to satisfy the exhaustion requirement established by 28 U.S.C.A. § 2254 until June 4, 1970.

In Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), the Court held that upon demand by a prisoner confined in another jurisdiction a state has "a constitutional duty to make a good-faith effort to bring him" to trial. 393 U.S. at 374, 89 S.Ct. at 575.

In Kane v. State of Virginia, 419 F.2d 1369, 1373 (4th Cir. 1970), the Court adopted the recommendation of the American Bar Association Standards Relating to Speedy Trial that "the consequence of denial of a speedy trial should be outright dismissal [as] this is the only effective way to enforce the speedy trial guarantee." (Footnote omitted.) The Court then went on to say

"We believe this salutary rule should be applied in federal habeas corpus proceedings when the proof shows (1) that the prisoner demanded a speedy trial, (2) that the state nevertheless failed to make a diligent effort to obtain him for trial, and (3) that he has exhausted his state remedies as required by 28 U.S.C. § 2254 by seeking dismissal of the charges against him because of unconstitutional delay." (Footnote omitted).

There can be no doubt that Petitioner has satisfied the requirements of numbers (1) and (3) from the above quoted paragraph. The only question then remaining is whether the state has failed to diligently attempt to secure Petitioner for trial.

Considering the good faith attempt by the West Virginia authorities to secure Petitioner through extradition processes, the refusal of the Maryland authorities to honor this request and their decision to the effect that Petitioner's release for this purpose could be obtained only by means of an Executive Agreement, and the resulting West Virginia prosecutor's inquiry into the possibility of initiating this purely discretionary measure between the chief executive officers of the two sovereignties, this Court can not find an absence of the diligence and good faith required of the West Virginia state authorities by the *Smith* and *Kane* cases.

For the reasons above stated, it is adjudged and ordered that Petitioner's claims for federal habeas corpus relief be, and the same are hereby denied, and the petition herein is dismissed and retired from the docket of this Court.

If Petitioner should desire to appeal the decision of this Court, written notice

of appeal must be received by the Clerk of this Court within 30 days from the date of entry of this order, pursuant to Rule 4 of the Rules of Appellate Procedure. The notice of appeal should also include a request for a certificate of probable cause which is required for an appeal by 28 U.S.C.A. § 2253. These papers should be submitted in duplicate.