**Roy Alphonso SMITH, Appellant,**

v.

**J. D. COX, etc., Appellee.**

**No. 71–1715.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 2, 1972.

Decided Feb. 14, 1973.

Thomas B. Anderson, Jr., Durham, N. C. (Court-appointed counsel) (Loflin, Anderson & Loflin, Durham, N. C., on brief], for appellant.

William A. Carter, III, Asst. Atty. Gen. (Andrew P. Miller, Atty. Gen., of Virginia, on brief), for appellee.

Before BOREMAN, WINTER, and RUSSELL, Circuit Judges.

PER CURIAM:

The district court denied habeas corpus relief to Roy Alphonso Smith who alleged that his sixth amendment right to a speedy trial was denied him when, during a period of twelve months incarceration at the Lorton Reformatory, the Commonwealth of Virginia declined to act upon his repeated written requests that he be tried on pending state charges. The Lorton incarceration began in August, 1965, after conviction in the District of Columbia for housebreaking, and terminated a year later when Smith's conviction was reversed on appeal. The Virginia charge was for armed robbery allegedly committed on February 23, 1965, while Smith was awaiting trial for housebreaking. A warrant for Smith's arrest on the Virginia charge was issued on February 25, 1965, but it was not served until September 7, 1966, when Smith had been released from Lorton. Smith was indicted on January 3, 1967, and he was tried and convicted on March 14, 1967, and sentenced on May 9, 1967.

The district court found that Smith had failed to show any prejudice resulting from the two year delay between the issuance of the warrant and trial. Specifically, it found that, although Smith alleged that he was unable to obtain certain out-of-state witnesses as a result of the delay, he was not prejudiced thereby. We issued a certificate of probable cause to examine the correctness of those findings and of the conclusion that Smith's sixth amendment right to a speedy trial had not been denied him.

Since the decision by the district court, the Supreme Court has decided United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (December 20, 1971) and Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (June 22, 1972). Marion held that the sixth amendment right to a speedy trial "has no application until the putative defendant in some way becomes an 'accused' " and that ordinarily "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engages the particular protections of speedy-trial provision of the Sixth Amendment." 404 U.S. at 313 and 320, 92 S.Ct. at 459 and 463.

While it may be argued that Marion, as applied here, would indicate that Smith's right to a speedy trial did not come into being until the February 25, 1965 warrant was served, we are loath to give Marion this construction. Smith was aware of the warrant soon after its issuance and undoubtedly no attempt was made to serve the warrant since Smith was already in custody. We cannot equate the factual situation here, where an arrest warrant had been issued but not served because Smith was already incarcerated, with the factual situation in Marion where individuals enjoyed their freedom while an investigation to determine whether to accuse them ran its course.

■■ Since we conclude that Marion does not foreclose Smith's claimed denial of a speedy trial, we must look to Barker to determine the merits of the claim. Barker prescribes a balancing test where the conduct of the prosecution and the conduct of the defendant are to be weighed, one against the other, with due consideration to all of the factors set forth and discussed in Barker.

We deem it more appropriate that the balancing process be undertaken in the first instance by the district court than by us. The district court, if the need arises, can receive additional evidence with respect to any one or more of the relevant factors on which the record may not be complete. Accordingly, we have concluded to vacate the judgment denying habeas corpus relief and to remand the case to the district court for redetermination in the light of Barker.

Vacated and remanded.