**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**May 1, 2025**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **J.W., D.W.-1, and W.W.**

**No. 23-712** (Berkeley County CC-02-2022-JA-155, CC-02-2022-JA-156, and CC-02-2022-JA-157)

## MEMORANDUM DECISION

Petitioner Father D.W.-2[1] appeals the Circuit Court of Berkeley County's November 14, 2023 order terminating his parental and custodial rights to the children J.W., D.W.-1, and W.W., arguing that the court erred by terminating his parental and custodial rights without having entered an adjudicatory order prior to disposition.[2] This Court has considered the parties' briefs, oral arguments, and the record on appeal. Upon review, we find no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In September 2022, the DHS filed a child abuse and neglect petition against the petitioner alleging that he was physically and verbally abusive to the children; that he abused drugs and alcohol in the children's presence; and that he failed to obtain appropriate medical care for the children.[3]

---

[1] The petitioner appears by counsel Jeremy B. Cooper. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Andrew T. Waight. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Daja K. Elliott appears as the children's guardian ad litem. Also present was the respondent mother A.N. by counsel Jared M. Adams.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated and its authorities, duties, and responsibilities were reorganized into three separate agencies – the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. The agency that has jurisdiction over child abuse and neglect cases is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] On October 17, 2022, the petitioner was charged criminally with three counts of child abuse resulting in injury and two counts of child neglect creating risk of injury stemming from his abuse of J.W. and D.W.-1.

1

At the preliminary hearing on September 20, 2022, the petitioner waived his right to a contested preliminary hearing, and the circuit court ordered that he have no contact with J.W. and D.W.-1 and that the multidisciplinary team would determine whether he could have supervised visitation with W.W. Thereafter, the circuit court held adjudicatory hearings on November 3, 2022, December 13, 2022, and December 15, 2022, at which the parties presented witnesses and evidence, and the court conducted in camera interviews of J.W. and D.W.-1, who were accompanied by their guardian ad litem. The circuit court held a final adjudicatory hearing on December 22, 2022, during which it went through individual paragraphs from the petition and made specific findings on the record as to each allegation in the petition, ultimately concluding that the children were abused and neglected in accordance with West Virginia Code § 49-1-201. However, it is undisputed that the circuit court never entered an adjudicatory order memorializing the findings of fact and conclusions of law it made at the hearing, and the petitioner concedes that he did not object to the absence of the adjudicatory order below prior to or during the dispositional hearing.

On May 2, 2023, the circuit court held a dispositional hearing and ultimately terminated the petitioner's parental and custodial rights by order entered on November 14, 2023. It is from this order that the petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner argues that the circuit court erred, or erred by acting without jurisdiction, by terminating his parental and custodial rights without having entered an adjudicatory order prior to disposition. Upon review, we find no prejudicial error.

Rule 27 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings states as follows:

> At the conclusion of the adjudicatory hearing, the court shall make findings of fact and conclusions of law, in writing or on the record, as to whether the child is abused and/or neglected in accordance with W. Va. Code § 49-4-601(i). The court shall enter an order of adjudication, including findings of fact and conclusions of law, within ten (10) days of the conclusion of the hearing, and the parties and all other persons entitled to notice and the right to be heard shall be given notice of the entry of this order.

Similarly, West Virginia Code § 49-4-601(i) provides, in relevant part, "At the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether the child is abused or neglected and whether the respondent is abusing, neglecting, or, if applicable, a battered parent, all of which shall be incorporated into the order of the court."

The petitioner argues that there is authority indicating that, without an adjudicatory order, the circuit court lacks jurisdiction over disposition entirely, citing as support for this assertion *State*

*v. T.C.*, 172 W. Va. 47, 303 S.E.2d 685 (1983). We disagree. The issue in *T.C.* was not the presence or absence of an adjudicatory order. Instead, the issue was that the circuit court never made the necessary initial finding pursuant to West Virginia Code § [49-4-601(i)] that the child was abused or neglected before proceeding to make several dispositional decisions. *T.C.*, 172 W. Va. at 50, 303 S.E.2d at 688. Determining that the absence of such a finding was reversible error, this Court stated that, "[t]he primary purpose of making an initial finding of abuse or neglect is to protect the interest of all parties and to justify the continued jurisdiction under W. Va. Code § [49-4-101 to -610.]." *T.C.*, 172 W. Va. at 50, 303 S.E.2d at 689. Ultimately, this Court held in *T.C.* that "[i]n a child abuse and neglect hearing, before a court can begin to make any of the dispositional alternatives under W. Va. Code § [49-4-604(c)], it must hold a hearing under W. Va. Code § [49-4-601(i)], and determine 'whether such child is abused or neglected.' *Such a finding is a prerequisite to further continuation of the case*." *T.C.*, 172 W. Va. at 48, 303 S.E.2d at 686, at Syl. Pt. 1 (emphasis added). Thus, the action that vests jurisdiction in the circuit court is the finding that a child is abused or neglected and that the respondent is an abusing, neglecting, or battered parent, which finding may be made on the record per Rule 27.

Similarly, the petitioner relies on *In re A.H.*, No. 22-0148, 2022 WL 3961757 (W. Va. Aug. 31, 2022) (memorandum decision) to support his argument that an adjudicatory order is a jurisdictional prerequisite.[4] This argument does not encompass the totality of this Court's decision in *In re A.H.*. Rather than focusing solely on the absence of an adjudicatory order, this Court vacated the circuit court's disposition in *In re A.H.* and remanded the case to the circuit court because the circuit court did not enter an adjudicatory order and there was no transcript of an adjudicatory hearing which bore the requisite findings as to whether the child was abused or neglected. *See id*. at *3. Thus, the court did not comply with either prong of Rule 27 or the statutory mandate of West Virginia Code § 49-4-601(i). Specifically, this Court found

> that it is unnecessary to address petitioner's specific assignments of error because the record is clear that the circuit court failed to enter an order adjudicating petitioner of abuse and/or neglect and the record on appeal has no adjudicatory hearing transcript to prove that any specific findings concerning petitioner's adjudication were made on the record.

2022 WL 3961757, at *2. Finding this failure to comply with both the statute and the requirements of Rule 27 to be plain error, this Court held that "the circuit court's adjudication of petitioner was erroneous, and it further lacked jurisdiction to terminate petitioner's parental rights to A.H." 2022 WL 3961757, at *3. Importantly, this Court did not hold (and has not held), either in *In re A.H.* or any other decision, that the written order itself is the jurisdictional lynchpin. Instead, it is the requisite finding of whether a child is abused or neglected that is determinative as to whether a child abuse and neglect case continues to disposition. Equally important, this Court has never held that the requisite findings made at the adjudicatory hearing obviate the need for a written order.

---

[4] The DHS also relies on this case to support its argument that, so long as there is a transcript of the adjudicatory hearing showing the circuit court's findings of fact and conclusions of law, no order is necessary. This argument, too, misapprehends this Court's holding in *In re A.H.*, as discussed above.

Unlike the circuit courts in *T.C.* and *In re A.H.*, the circuit court in the instant case held the adjudicatory hearing in accordance with West Virginia Code § 49-4-601(i) and made findings of fact and conclusions of law on the record as it was allowed to do by the statute and the first prong of Rule 27. Having made the requisite findings of fact and conclusions of law on the record, the circuit court did not err in exercising its continued jurisdiction over this case. *T.C.* 172 W. Va. at 48, 303 S.E.2d at 686, Syl. Pt. 1. Therefore, we find that the circuit court did not lack jurisdiction to proceed to disposition.

Although the circuit court erred by not entering an adjudicatory order within ten days of the adjudicatory hearing as required by the second prong of Rule 27 and West Virginia Code § 49-4-601(i), the petitioner waived this nonjurisdictional error by allowing the dispositional hearing to proceed without objecting to the absence of the adjudicatory order. *See* Syl. Pt. 1, *State Road Comm'n v. Ferguson*, 148 W. Va. 742, 137 S.E.2d 206 (1964) ("Where objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered on appeal."); *In re S.C.*, 168 W. Va. 366, 374, 284 W. Va. 867, 872 (1981) ("A litigant may not silently acquiesce to error . . . and then raise that error as a reason for reversal on appeal.").

Because the failure to enter adjudicatory orders is a recurrent issue, we find it necessary to remind circuit courts that Rule 27 requires them to take two separate actions. The first prong of the rule requires the circuit court to hold a hearing and to make findings of fact and conclusions of law "as to whether the child is abused and/or neglected in accordance with W. Va. Code § 49-4-601(i)[,]" which findings may be made on the record or in writing. The second prong of the rule requires the circuit court to reduce such findings to an order within ten days of the adjudicatory hearing. West Virginia Code § 49-4-601(i) also requires circuit courts to determine whether the child is abused and/or neglected and whether the parent is abusing and/or neglecting and make findings of fact and conclusions of law supporting such determination, "all of which shall be incorporated into the order of the court."

We have long adhered to the old English canon that a court speaks through its orders. *See Evans v. Bayles*, 237 W. Va. 269, 275 n.17, 787 S.E.2d 540, 546 n.17 (2016) (*citing Legg v. Felinton*, 219 W. Va. 478, 483, 637 S.E.2d 576, 581 (2006)) ("It is a paramount principle of jurisprudence that a court speaks only through its orders."); *State ex rel. Erlewine v. Thompson*, 156 W. Va. 714, 718, 207 S.E.2d 105, 107 (1973) ("A court of record speaks only through its orders[.]") (citations omitted); *State ex rel. Kaufman v. Zakaib*, 207 W. Va. 662, 671, 535 S.E.2d 727, 736 (2000) ("Always, the law favors written orders or records[.]"). In cases of child abuse and neglect, this Court has found that "[a]dequate findings must be made in order to protect the rights of litigants and to facilitate review of the record by an appellate court." *In re Edward B.*, 210 W. Va. 621, 632, 558 S.E.2d 620, 631 (2001). A written order is important for these same reasons.[5]

---

[5] We recognize our long standing precedent that "[g]enerally, an order is effective when a court announces it[, and] an oral order has the same force, effect, and validity in the law as a written order. In other words, the actual physical possession of a written order is not required to effectuate said order." Syl. Pts. 1 and 2, *Moats v. Preston County Comm'n*, 206 W. Va. 8, 521 S.E.2d 180 (1999). This means, of course, that the parties are not required to wait until the entry of the adjudicatory order to begin to carry out any orders the circuit court issues contemporaneously with

*In re Edward B.* further states:

> The Rules of Procedure for Child Abuse and Neglect Proceedings and the related statutes detailing fair, prompt, and thorough procedures for child abuse and neglect cases are not mere general guidance; rather, they are stated in mandatory terms and vest carefully described and circumscribed discretion in our courts, intended to protect the due process rights of the parents as well as the rights of the innocent children.

*Id.*; *see also In re A.P.-1*, 241 W. Va. 688, 695, 827 S.E.2d 830, 837 (2019) ("Our insistence on procedural integrity in abuse and neglect cases is not hollow formality."). Accordingly, while we find that under the circumstances of this case there was no reversible error preserved by the petitioner, we reiterate that adherence to the statutes and rules governing child abuse and neglect cases, including Rule 27 and West Virginia Code § 49-4-601, is not elective but essential to safeguard the due process rights of the parties, ensure the health and safety of children, and maintain the integrity and reviewability of judicial proceedings in child and abuse and neglect actions.

In this case, the circuit court articulated the necessary adjudicatory findings on the record to vest the court with jurisdiction to proceed to disposition, and, by failing to raise a timely objection prior to disposition, the petitioner waived any claim of error arising from the absence of a written adjudicatory order. Therefore, we affirm the circuit court's November 14, 2023, order terminating the petitioner's parental and custodial rights.

Affirmed.

**ISSUED:** May 1, 2025

**CONCURRED IN BY:**
Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

proper findings of fact and conclusions of law made on the record. It does not mean that a written order is not required. *See State ex rel. Brooks v. Zakaib*, 214 W. Va. 253, 268, 588 S.E.2d 418, 433 (2003) (Albright, J. concurring) ("*Moats* does not dispense with the need to reduce oral rulings to writing and to have such orders entered by the trial court. . . . [R]ather than turning on the reduction of an oral ruling to writing, the factual focus in *Moats* was whether physical possession of the written order was a necessary part of effectuating the directive of the order – remanding an involuntary commitment detainee to the sheriff's custody.").