No. 24-357 – *In re R.M., B.M., and H.M.*

**FILED**

**November 12, 2025**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Ewing, Justice, concurring, joined by Senior Status Justice Hutchison:

I concur with the majority's decision to affirm the termination of the parental rights of petitioner C.N. despite the lack of detailed factual findings in the adjudicatory order to support the circuit court's conclusion that she abused and neglected her children. I write separately, however, to caution against viewing our decision in this case as alleviating circuit courts of their duty to make the necessary findings of fact and conclusions of law when determining whether a child is abused and/or neglected and whether a respondent is an abusing, neglecting, or if applicable, a battered parent. *See* W. Va. Code § 49-4-601(i); W. Va. R. of P. for Child Abuse & Neglect Proc. 27. Not only are such findings and conclusions mandated by statute and rule, but they are also critical to fulfilling the joint legislative and judicial goal of resolving abuse and neglect proceedings as expeditiously as possible. So, while we have clarified that such findings are not required for establishing or maintaining subject matter jurisdiction, they remain an indispensable part of the abuse and neglect process, informing the very issues that must be addressed as part of any improvement period and at disposition.

At the circuit court level, adequate findings of abuse and neglect serve as the necessary framework for the case to move forward. Indeed, "the [S]tate's right to intervene is predicated upon its initial showing that there has been child abuse or neglect, which

1

constitutes unfitness on the part of the parents to continue, either temporarily or permanently, in their custodial role." *State v. T.C.*, 172 W. Va. 47, 51, 303 S.E.2d 685, 690 (1983). In addition, "[t]h[e] process of adjudication enables the presiding tribunal to identify what abuse and/or neglect the subject children have sustained and to implement procedures to help the parents remedy these conditions to prevent future incidences thereof[.]" *In re I.M.K.*, 240 W. Va. 679, 685, 815 S.E.2d 490, 496 (2018). Finally, "only after a court determines that there is clear and convincing evidence that abuse and/or neglect has occurred, may the case proceed to the dispositional phase[.]" *In re Z.S.-1*, 249 W. Va. 14, 21, 893 S.E.2d 621, 628 (2023).

At the appellate level, adequate findings of fact and conclusions of law in the adjudicatory order are necessary for meaningful review. "[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record." *Nestor v. Bruce Hardwood Flooring, L.P.,* 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999). Therefore "[c]lear and complete findings by the trial judge are essential to enable [this Court] properly to exercise and not exceed our powers of review." *In re Edward B.*, 210 W. Va. 621, 631, 558 S.E.2d 620, 632 (2001) (additional quotations and citation omitted). While a circuit court's findings, including credibility determinations, are entitled to deference on appeal, *see In Int. of Tiffany Marie S.*, 196 W. Va. 223, 226, 470 S.E.2d 177, 180 (1996), such deference is not absolute. If "lower tribunals fail to meet this standard—i.e. making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Hawk v. Hawk*, 203

2

W. Va. 48, 51, 506 S.E.2d 85, 88 (1998) (additional quotations and citation omitted). Inadequate findings in an adjudicatory order make it necessary for us to vacate both the adjudication and disposition orders. That means the case essentially begins anew, resulting in a significant delay in achieving permanency and representing continued disruption in the lives of the children involved.

Without detailed findings of facts specifying what conduct or conditions warrant the conclusion that a child has been abused and/or neglected, the entire abuse and neglect process may be thwarted. To avoid that outcome, I harken back to high school math to implore circuit courts to "show their work" by making findings that thoroughly explain the basis for their conclusion that a child has been abused and/or neglected as well as the basis for any credibility determinations. This also extends to abuse and neglect adjudications involving factual admissions in stipulated adjudications. In many instances, the petition will set forth multiple allegations of abuse and/or neglect, yet the respondent parent will only stipulate to a single act of abuse and/or neglect or to a limited set of facts and circumstances. Rule 26(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires the circuit court to determine that the stipulation "meets the purpose of these rules and [the] controlling statute." In other words, the circuit court must make findings of fact following a stipulated adjudication, explaining how the factual admissions in the stipulation support the conclusion that the child has been abused and/or neglected and that the respondent stipulating is abusing or neglectful.

Having recently been a circuit judge, I fully understand that our circuit courts have overloaded dockets and at times, the number of abuse and neglect cases that need attention seems insurmountable. Undoubtedly, circuit court judges feel immense pressure to be efficient and comply with short timelines for issuing orders in abuse and neglect cases under the statutes and rules. In many instances, courts understandably rely upon overwhelmed prosecutors, respondent attorneys, and/or guardians ad litem in their circuits to assist with drafting and proposing draft orders following contested adjudicatory, disposition, and placement hearings.[1] However, courts must remember that it is their responsibility—not the attorneys—to ensure that the order contains sufficient findings of fact and conclusions of law to facilitate meaningful review on appeal. *See Taylor v. W. Va. Dep't of Health & Hum. Res.*, 237 W. Va. 549, 558, 788 S.E.2d 295, 304 (2016); *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996) (stating that the circuit court's order "must be sufficient to indicate the factual and legal basis for the [court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented.").

---

[1]     This Court has warned circuit courts about "the risks attendant to adopting and entering—wholesale—orders prepared by counsel" stating

> [w]e caution circuit courts, however, that the burden of issuing an order which meets this Court's requirements, which requirements are designed to permit meaningful appellate review, ultimately remains on the circuit court. It is incumbent on the trial court to determine if the submitted order accurately reflects the court ruling given that it is well-established that "[a] court of record speaks only through its orders [.]" *State ex rel. Erlewine v. Thompson,* 156 W.Va. 714, 718, 207 S.E.2d 105, 107 (1973).

*Taylor v. W. Va. Dep't of Health & Hum. Res.*, 237 W. Va. 549, 558, 788 S.E.2d 295, 304 (2016).

As this case illustrates, we have on occasion upheld an adjudication of abuse and neglect even when the adjudicatory order lacked the necessary findings and conclusions, but from our review, it was evident that the circuit court made the requisite finding that the children were abused and/or neglected on the record. Nevertheless, as an appellate court, we should not have to scour the record to make that determination, and we are reluctant to continue doing so while being mindful that delay in these cases is delay in a child achieving permanency. Accordingly, it is imperative that circuit courts make clear, detailed, and complete findings of fact in their adjudicatory orders that explain their reasons for concluding that a child has been abused and/or neglected. Doing so not only facilitates proper appellate review, it also protects the procedural rights of the respondent parents, promotes achievement of timely permanency, and most importantly, serves the best interests of the children involved.

For these reasons, I concur with the decision in this case. I am authorized to state that Senior Status Justice Hutchison joins in this concurrence.