## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 22, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TYLER E.,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-355**        (Fam. Ct. Kanawha Cnty. No. 21-D-489)

**CHRISTINA E.,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Tyler E.[1] appeals the Family Court of Kanawha County's June 30, 2023, contempt order and its July 21, 2023, order denying his motion to reconsider the denial of his request for a hearing on his petition for the expedited modification of child support. Respondent Christina E. filed a response in favor of the family court's decision.[2] Tyler E. filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error or abuse of discretion. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were divorced by an order entered on September 8, 2021. They share one minor child, B.E. At the time of their divorce, Tyler E.'s child support was set at $1000.00 per month. Thereafter, Tyler E. lost his job and filed a petition for the expedited modification of child support on April 10, 2023. The family court entered a notice of expedited modification of child support on April 19, 2023, tentatively reducing Tyler E.'s child support obligation to $522.68 per month. The notice provided "[y]ou have 14 days from the date this Notice was served to make a written request for hearing before the family court. If you do not request a hearing within 14 days, the Family Court Judge will enter a Default Order setting the child support at [$522.68]." On May 5, 2023, Tyler E. requested a hearing on his petition for the expedited modification of child support. In his request for a hearing, Tyler E. stated that he wished to request an offset of a portion of his child support

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Both parties are self-represented.

1

to balance out the money that Christina E. owed to him from their divorce order. Tyler E. also expressed that he intended to offer records of the number of overnights the child had spent with him, which could further reduce his child support obligation. A child support modification hearing was never scheduled.

On May 8, 2023, Tyler E. filed a petition for contempt against Christina E. alleging that Christina E. had denied him visitation, blocked communication between him and the child, violated shared decision-making, filed unfounded domestic violence petitions against him, and failed to provide his grandmother's ring and various documents pertaining to the sale of the marital home, as required by the final divorce order.

The family court scheduled a rule to show cause hearing for June 29, 2023, solely on Tyler E.'s contempt petition. Tyler E. appeared for the contempt hearing, but Christina E. did not appear. In his appeal, Tyler E. alleges that, during the contempt hearing, someone from the family court brought the family court judge his child support paperwork, and it appeared to him that it may have been either lost or mistakenly placed with his contempt case. Tyler E. alleges that the family court judge asked why he requested a child support hearing and advised that he should not have requested a hearing. Tyler E. further alleges that he was not given the opportunity to present evidence for an additional child support reduction during the contempt hearing and assumed that he would be given a full hearing on the child support issue at a later date. However, on June 29, 2023, the family court entered an order granting Tyler E.'s expedited modification of child support with the monthly child support obligation remaining at $522.68. The next day, on June 30, 2023, the family court entered an order holding Christina E. in contempt for all allegations and held that "any sanctions imposed upon [Christina E.] are held in abeyance pending her future compliance with this Court Order."

On July 18, 2023, Tyler E. filed a motion to reconsider the denial of his request for a hearing on his expedited child support modification petition. In his motion to reconsider, Tyler E. asserted that the extended shared parenting child support formula should have been used rather than the basic shared formula.[3] On July 21, 2023, the family court entered an order denying Tyler E.'s motion for reconsideration, holding that Tyler E. "waited too long to seek reconsideration from the April 20, 2023, judgment." It is from both the June 30, 2023, contempt order and the July 21, 2023, order denying his motion to reconsider that Tyler E. now brings this appeal.

For these matters, we apply the following standard of review:

In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard,

---

[3] The extended shared parenting formula is used to calculate child support for parents who have parenting time for more than 127 days per year (35%).

and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*. Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Tyler E. raises four assignments of error. First, he asserts that the family court erred by failing to schedule a hearing on his petition for the expedited modification of child support. Because of this error, Tyler E. argues that he was not given the opportunity to present evidence that would have shown that the extended shared parenting child support formula should have been used rather than the basic shared formula. Upon review, we disagree. West Virginia Code § 48-11-106 (2009) provides guidance for the process of requesting an expedited modification of child support. West Virginia Code § 48-11-106 (d) states:

> The notice shall fix a date fourteen days from the date of mailing and inform the party that unless the recalculation is contested and a hearing request is made on or before the date fixed, the proposed modification will be made effective. If the filing is contested, the proposed modification shall be set for hearing; otherwise, the court shall enter an order for a judgment by default. Either party may move to set aside a judgment by default, pursuant to the provisions of rule 55 or rule 60(b) of the rules of civil procedure.

In this case, the family court entered a judgment by default and did not schedule a hearing because Christina E. did not contest the child support reduction. Further, on Tyler E.'s hearing request, the family court noted that Tyler E. had waited too long to request a hearing. As the statute notes, there is a fourteen-day window to request a hearing. Here, the notice at issue was entered on April 20, 2023, yet Tyler E. did not request a hearing until May 5, 2023, fifteen days later. Accordingly, on this point, we fail to find merit in Tyler E.'s assignment of error.

Second, Tyler E. contends that the family court erred when it ordered that the child support reduction would go into effect in August of 2023. This argument lacks merit. Upon review of the record, the family court's June 29, 2023, order made the new child support amount effective on June 1, 2023, not August of 2023.

Third, Tyler E. asserts as his third assignment of error that the family court erred when it denied his motion for reconsideration. We agree, in part, but decline to reverse the family court on this issue. West Virginia Code § 51-2A-10(b) (2001) states, "[a] motion for reconsideration must be filed with the clerk of the circuit court within a reasonable time

. . . not more than one year after the order was entered . . . ." In this case, the family court erroneously denied Tyler E.'s motion for reconsideration because he "waited too long to seek reconsideration" even though Tyler E. filed his motion approximately three weeks after it became apparent that the family court was not going to schedule a child support hearing. Although we disagree with the family court's reasoning behind its denial of Tyler E.'s motion for reconsideration, we find that the denial amounted to harmless error, because the appropriate remedy for Tyler E. was to file a motion to set aside a judgment by default, pursuant to Rules 55 or 60(b) of the West Virginia Rules of Civil Procedure, as explained above, rather than filing a motion for reconsideration.

Lastly, Tyler E. argues that the family court erred by failing to include a deadline in its June 30, 2023, order holding Christina E. in contempt. We disagree. *See State ex rel. Erlewine v. Thompson,* 156 W. Va. 714, 718, 207 S.E.2d 105, 107 (1973) (finding that a court of record speaks only through its orders). Upon the entry of the family court's June 30, 2023, order holding Christina E. in contempt, Tyler E. was free to file an additional petition for contempt in the event of Christina E.'s noncompliance.

Accordingly, we affirm the family court's June 30, 2023, contempt order and its July 21, 2023, order denying the motion for reconsideration.

Affirmed.


**ISSUED:** April 22, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4