# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 27, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SHAHEEN SHAFII,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-433**    (Cir. Ct. of Kanawha Cnty. Case No. CC-20-2023-C-959)

**KADEN THOMAS,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Shaheen Shafii appeals the Circuit Court of Kanawha County's September 30, 2024, order granting Respondent Kaden Thomas' motion to dismiss as a sanction for Mr. Shafii failing to comply with the court's prior order pursuant to Rule 37 of the West Virginia Rules of Civil Procedure. Mr. Thomas filed a response.[1] Mr. Shafii filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 3, 2022, a vehicle operated by Mr. Thomas struck Mr. Shafii's parked vehicle, causing significant damage to Mr. Shafii's vehicle. Mr. Shafii made a claim with Mr. Thomas' insurance carrier. The policy's $25,000 limit was insufficient to cover the damages to Mr. Shafii's vehicle and on October 31, 2023, Mr. Shafii filed this lawsuit seeking to recover the damages to his vehicle.

Mr. Thomas' counsel served discovery requests upon Mr. Shafii but Mr. Shafii failed to respond. Mr. Thomas then filed a motion to compel responses to the discovery requests. The circuit court granted Mr. Thomas' motion and entered an order compelling Mr. Shafii to respond to the discovery. Mr. Shafii did not respond as the order directed, prompting Mr. Thomas to file his motion to dismiss pursuant to Rule 37(b) of the West Virginia Rules of Civil Procedure.

---

[1] Mr. Shafii is self-represented. Mr. Thomas is represented by Kelly G. Pawlowski, Esq.

1

At the September 24, 2024, hearing on the sanctions motion, the circuit court granted the motion, dismissed the case, and requested that Mr. Thomas' counsel prepare the order memorializing the court's rulings. That same day, Mr. Thomas' counsel submitted a proposed order and a notice that, pursuant to Rule 24.01 of the West Virginia Trial Court Rules (1999), Mr. Shafii had five days to object to the terms of the proposed order.[2]

On September 30, 2024, the circuit court entered the proposed order, which dismissed the case, with prejudice. On October 1, 2024, Mr. Shafii filed a notice objecting to the proposed order and claimed that the case should have been dismissed without prejudice and not with prejudice.[3] On October 9, 2024, Mr. Shafii submitted his competing proposed order to the circuit court, which the circuit court rejected. This appeal of the circuit court's September 30, 2024, dismissal order followed.

We review the circuit court's September 30, 2024, order under the following standard: "The imposition of sanctions by a circuit court under W.Va. R. Civ. P. 37(b) for the failure of a party to…permit discovery is within the sound discretion of the court and will not be disturbed upon appeal unless there has been an abuse of that discretion." Syl. Pt. 1, in part, *Bell v. Inland Mut. Ins. Co.,* 175 W. Va. 165, 332 S.E.2d 127 (1985).

On appeal, Mr. Shafii asserts three closely related assignments of error that we will address together. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error); *see also Jacquelyn F. v. Andrea R.*, No. 16-0585, 2017 WL 2608425, at *1 n.2 (W. Va. June 16, 2017) (memorandum decision) (restating assignments of error where they involve clearly related issues). Essentially, Mr. Shafii argues that this Court should vacate the September 30, 2024, order and remand this matter to the circuit court to consider his objections that he filed on October 1, 2024.

Rule 24.01 governs proposed orders submitted to trial courts and provides, in pertinent part:

. . .

---

[2] Pursuant to TCR 24.01(c) and the time computation rules set forth in Rule 6(a) (1998) of the West Virginia Rules of Civil Procedure, the deadline to object to the terms of the proposed order was October 1, 2024.

[3] The circuit court did not specify at the hearing whether dismissal was with, or without, prejudice.

(b) Except for good cause or unless otherwise determined by the judicial officer, no order may be presented for entry unless it bears the signature of all counsel and unrepresented parties.

(c) Although it is preferred that orders be entered in accordance with subsection (b), unless the judicial officer otherwise directs, counsel responsible for the preparation and presentation of an order may submit the original of the proposed order to the judicial officer within eleven (11) days, with a copy to opposing counsel along with a notice to note objections and exceptions to the order within five (5) days after receipt of the proposed order or such lesser time as the judicial officer directs. Opposing counsel shall notify the presiding judicial officer, in writing, of his or her approval of or objection to the order or any portion thereof. In the event this subsection is utilized, the judicial officer shall consider the order for entry upon approval by all counsel, or after five (5) days from its receipt, if no objection is received by the judicial officer.

(d) In the event counsel has any objections regarding the wording or content of a proposed order, counsel shall have the affirmative duty of contacting the preparer thereof before contacting the judicial officer in an effort to seek a resolution of the conflict. If the conflict cannot be resolved in this manner, counsel having an objection shall promptly submit a proposed order to the judicial officer and opposing counsel as set forth in subsection (c) along with a letter to the judicial officer, indicating the reason for the change(s). Within five (5) days following receipt of objections and the responsive proposed order, all counsel shall file a response to the second proposed order. If the judicial officer determines that a hearing is necessary to resolve the conflict, counsel objecting to the order shall be responsible for promptly scheduling the same. Objecting, proposing modifications, or agreeing to the form of a proposed order shall not affect a party's rights to appeal the substance of the order.

While we agree with Mr. Shafii that the circuit court did not comply with Rule 24.01(c), we conclude that the circuit court's noncompliance was harmless error. On appeal, Mr. Shafii's only specific objection to the circuit court's order is that it dismissed his case with prejudice, rather than without prejudice. Indeed, he argues that by entering the order early the circuit court "denied [him] the ability to challenge the dismissal with prejudice." However, this is a substantive challenge to the sanction the circuit court imposed, rather than an objection to the form of the order. Mr. Shafii does not point to anything in the record showing that it was contrary to the circuit court's intent to dismiss his case with prejudice. Indeed, recognizing that "[a] court of record speaks only through its orders," *State ex rel. Erlewine v. Thompson*, 156 W. Va. 714, 718, 207 S.E.2d 105, 107 (1973), the Supreme Court of Appeals of West Virginia ("SCAWV") has explained that

3

even when a circuit court solicits proposed orders from counsel, "[i]t is incumbent on the trial court to determine if the submitted order accurately reflects the court ruling." *Taylor v. W. Va. Dep't of Health & Hum. Res.*, 237 W. Va. 549, 558, 788 S.E.2d 295, 304 (2016).

Moreover, Mr. Shafii does not cite to any authority demonstrating that noncompliance with Rule 24.01 is reversible error under the facts of this case. Indeed, under almost precisely similar circumstances, the SCAWV found that a circuit court's early entry of an order in violation of Rule 24.01 was harmless, noting that the petitioner had not identified any authority establishing that such a violation was reversible. *See Walker v. Fazenbaker*, No. 18-1062, 2020 WL 598327, at *5 (W. Va. Feb. 7, 2020) (memorandum decision); *see also Hallman-Warner v. Umina*, No. 24-ICA-132, 2024 WL 5201011, at *3 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision) (finding that circuit court's violation of Rule 24.01 was harmless). The SCAWV also recognized that, despite the petitioner's submission of objections and a competing proposed order after the entry of the final order, "the circuit court did not deem it necessary to amend the final order in favor of petitioner's proposed order." *Walker*, 2020 WL 598327, at *5. As in that matter, Mr. Shafii has not cited any authority demonstrating that the circuit court's Rule 24.01 violation is reversible, and the circuit court did not find it necessary to amend its order on receipt of his objections and proposed order. Indeed, on October 24, 2024, the circuit court entered a subsequent order reiterating that the matter was dismissed, stating that the prior order was clear, and directing Mr. Shafii to cease and desist contact with the court. For the foregoing reasons, we conclude that entry of the order prior to Rule 24.01's five-day objection deadline was harmless error, and we decline to reverse the circuit court on that basis.

Accordingly, we affirm the Circuit Court of Kanawha County's September 30, 2024, order.

Affirmed.

**ISSUED:** June 27, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

4